PUBLISHERS' BOOK BINDERY, INC., Respondent, *v.* " HARRY " ZIEGELHEIM, Appellant.

Supreme Court, Appellate Term, First Department, April 5, 1945.

*Joseph J. Einhorn* and *Frank Zuckerbrot* for appellant.

*Joseph H. Robins* and *Maxwell M. Booxbaum* for respondent

SHIENTAG, J. The judgment of the court below on the facts in dispute is fully sustained by the evidence. The court did not err in excluding the defendant's son, while permitting the plaintiff's treasurer (its main witness) to remain in the court room during the trial.

The fact that two papers, business records of the plaintiff, were received in evidence, but, by inadvertence, were not marked as exhibits, did not preclude their consideration as such by the trial court or by this court.

One of the issues in the case was the color of the bindings ordered. The papers received in evidence over objection were small order folders kept by the plaintiff in the regular course of its business. Each of the folders had a number stamped on it, in sequence, and on each folder, under appropriate printed headings, the full details of the order and the job to be done were filled in. One of these folders, under the heading " Style of Binding " had inserted in ink, among other things, " Assorted Cloth ". According to the testimony, this was written on the folder in the presence of the defendant's representative at the time the order was given.

While the papers in controversy could have been used for other purposes, they were actually received in evidence by the court under section 374-a of the Civil Practice Act after a proper foundation had been laid therefor.

We believe that they were properly so received. That an entry contained in a record made and kept in the regular course of business may be hearsay does not of itself preclude admissibility. That, together with all the circumstances, may be considered in determining what weight, if any, shall be given to the record. Even under the old shopbook rule, and the regular entries rule under the common law, entries, although constituting hearsay evidence, were under certain conditions admissible. To some extent, also, that was true of self-serving declarations, for, in a sense, all book entries may be said to be self-serving. Under the older rules, it was held that entries tending to show the terms of a special contract were inadmissible, but that was because they did not come within the scope of those rules. Section 374-a of the Civil Practice Act has replaced the former rules, and was enacted, in part, to overcome their deficiencies and to liberalize their narrow and strict requirements.

As far as this case is concerned, the true tests of admissibility under section 374-a are: (1) Was the writing or record made in the regular course of any business? (2) Was it the regular course of such business to make such memorandum or record? (3) Was the memorandum or record made at the time of the transaction, occurrence or event, or within a reasonable time thereafter? If those tests are met, and they have been in this case, the record is admissible regardless of whether it is hearsay

or self-serving. Such considerations affect the weight to be given to the record, but not its admissibility.

The judgment should be affirmed, with costs.

McLaughlin and Hecht, JJ., concur.

Judgment affirmed.