## (April 27, 1964)

■ JEAN BISHIN, as Administratrix of the Estate of JUDITH BISHIN, Deceased, et al., Respondents, et al., Plaintiff, v. NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— In an action to recover damages for personal injury, property damage, wrongful death, conscious pain and suffering, medical expenses and loss of services, defendant appeals from so much of a judgment of the Supreme Court, Queens County, entered May 6, 1963 upon a jury verdict after trial, as is in favor of plaintiff Jean Bishin, as administratrix of the estate of Judith Bishin, against defendant, and in favor of William Bishin individually against defendant. Judgment, insofar as appealed from, reversed on the law and the facts; action severed as to the causes of action 1, 2 and 3 by the plaintiff administratrix and by plaintiff William Bishin; and new trial granted between said plaintiffs and the defendant upon such causes of action, with costs of the appeal to abide the event. A new trial is required in the interests of justice because of the cumulative effect of the numerous prejudicial remarks in the plaintiffs' counsel's summation and in the Trial Judge's charge to the jury. Repeated allusions to defendant's deliberate lack of candor, its failure to call witnesses and its possible purchase of testimony may well have diverted the jury's consideration from the proper issues in the case and may have substantially influenced or may have been determinative of the outcome. Such conduct was clearly prejudicial and cannot be countenanced (*Kohlmann* v. *City of New York*, 8 A D 2d 598; *Cohen* v. *Covelli*, 276 App. Div. 375; *Nicholas* v. *Rosenthal*, 283 App. Div. 9; *Milio* v. *Railway Motor Trucking Co.*, 257 App. Div. 640). Exceptions were duly taken to the Trial Judge's charge on the ground of prejudice. It was also error for the jury under the charge to consider only the life expectancy of the decedent, Judith Bishin, without taking into account the life expectancies of the surviving next of kin, her parents, when considering the measure of damages in the wrongful death action. Finally, it was error to exclude an employee's report of the railroad grade crossing accident solely on the ground that it was self-serving. The statute (CPLR 4518; former

Civ. Prac. Act, § 374-a) renders admissible records made in the regular course of business; the statute makes no exception for records which also happen to be self-serving. It has been observed that the self-serving aspect of a record does not preclude its admissibility under the statute but is merely a consideration affecting the weight to be given to it (*Publishers' Book Bindery* v. *Ziegelheim,* 184 Misc. 559). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.