■ SERGE KLEIN, Respondent, v HARRY BENRUBI et al., Appellants.— Judgment, Supreme Court, Bronx County, entered March 24, 1977, in favor of the plaintiff in the amount of $10,000 plus costs and disbursements of $455 is affirmed, without costs and without disbursements. In this personal injury action the plaintiff was hit by defendant's automobile while crossing the street. A police officer was nearby and witnessed the accident. At trial, a police department report, MV-104A, made out by the officer and concerning the accident was offered for identification and after the officer testified, the record was admitted into evidence. Defendant claims that to admit this record had the effect of bolstering the officer's testimony relying upon *People v Buffington* (29 AD2d 229). The report was made in the regular course of business and is admissible under CPLR 4518 (subd [a]). Since the officer was an eyewitness, his testimony was likewise admissible. To distinguish *Buffington,* where a pretrial statement was admitted into evidence and the witness who made the statement also testified, there was indeed a bolstering of his testimony which the court would not permit. In *Zaulich v Thompkins Sq. Holding Co.* (10 AD2d 492), where the police report was excluded, this court in reversing said (p 496), "it seems clear that the police report was admissible as a record made in the regular course of business pursuant to section 374-a of the Civil Practice Act" (now CPLR 4518). Defendant's contention must fall. Regarding admission of plaintiff's tax records in order to support his claim of lost earnings, the fact that they may

have been self-serving does not prevent their admission into evidence *(Bishin v New York Cent. R. R. Co.,* 20 AD2d 921). The self-serving aspect of a record does not preclude its admissibility but is merely a consideration affecting the weight to be given to it *(Publishers' Book Bindery v Ziegelhein,* 184 Misc 559). Concur—Birns, Silverman and Evans, JJ.; Lupiano, J. P., dissents in the following memorandum: At trial in this negligence action involving the alleged knockdown of a pedestrian at a traffic intersection, the defendant driver denied the happening of the accident and the plaintiff pedestrian testified that the accident occurred. The only witness to the occurrence, Police Officer McCabe, called by plaintiff, testified to the happening of the accident after refreshing his recollection from a copy of police department accident form MV-104A which was identified. At the close of *all* testimony, the original accident form MV-104A was admitted into evidence over defense counsel's objection. The jury found in plaintiff's favor in° the sum of $10,000. Study of the record discloses sharp questions of fact for the jury. Clearly, the original accident form MV-104A is a police report made in the "normal course of [the officer's] business" and as such constitutes an exception to the hearsay rule. Defendants' plaint is that the report, although otherwise admissible, should have been refused admission into evidence by the trial court because it was improper and prejudicial to defendants to permit plaintiff to bolster, by a prior consistent statement, the officer's testimony (version) of what occurred. No assertion is made that the officer's prior consistent written statement, the accident report, was admissible under the claim of recent fabrication for the simple reason that there was no such claim. Hence, the *Zaulich* case cited by the majority is inapposite. On this record it was improper and prejudicial to defendants to permit the plaintiff to bolster by a prior consistent statement Officer McCabe's version of what happended, as against defendants' conflicting version, which clearly presented questions of fact for the jury. Credibility as it relates to the *sole* witness of the accident was acute. "The business entry statute lifts the barrier of the hearsay objection; it does not overcome any other exlusionary rule which might properly be invoked [citation]" *(Toll v State of New York,* 32 AD2d 47, 50; see, also, *People v Buffington,* 29 AD2d 229, 232). Richardson (Evidence [10th ed.] § 305, p 281), notes: "Section 374-a of the Civil Practice Act, now Rule 4518(a) of the Civil Practice Law and Rules, was enacted to overcome the hearsay objection to records kept in the regular course of business. *It does not overcome any other exculsionary rule which might properly be invoked.* Thus, a hospital record made in the regular course of business will, nevertheless, be excluded if it constitutes a privileged communication between physician and patient * * * And an entry of a conclusory statement in a business record is not admissible if the entrant would not have been allowed to testify to that conclusion when recalled as a witness upon trial" (emphasis supplied). In subdivision (1) of section 374.04 of Bender's New York Evidence it is noted: "As with any other item of evidence, a business record will be inadmissible if it is deemed irrelevant and/or *prejudicial.* In *Del Toro v. Carroll* [33 AD2d 160], an action arising out of an automobile accident, it was held to be reversible error to admit into evidence hospital records indicating intoxication by the defendant on two occasions of hospitalization prior to the accident where the records were allegedly offered on the subject of the defendant's credibility, but where their actual effect was to suggest that the defendant was intoxicated also at the time of the accident" (emphasis supplied). Finally, it is noted in Weinstein-Korn-Miller, (NY Civ Prac, vol 5, par 4518.20) that "A specific instruction by the judge as to probative force and the hearsay

dangers of business records may be requested. *If the person who made the report is in court, and he testifies to the same effect, the judge may exclude the report as cumulative—unless there is a charge of recent fabrication by the witness"* (emphasis supplied). The result of the trial court's admitting the officer's written report into evidence was that the jury in its deliberation had the version of the sole witness to the alleged accident *in writing,* which would perforce tend to bolster the testimony of that crucial witness, whereas the opposing version of the defendants did not have such support and would be naturally recalled by the memories of the jurors. As we cannot enter the minds of the deliberating jurors, it is impossible to conclude on this record that the error in admitting the written report of the officer did not prejudice defendants. Accordingly, the judgment of the Supreme Court, Bronx County, entered March 24, 1977, after a jury trial, in favor of the plaintiff in the sum of $10,000 plus $455 for costs and disbursements, should be reversed, on the law, without costs and disbursements, and the matter remanded for a new trial.