■ WILLIAM A. HESS et al., Doing Business as HESS AND GOREY ARCHITECTS, Respondents, v ZOOLOGICAL SOCIETY OF BUFFALO, INC., Appellant.—Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff architects commenced this action against the Zoological Society of Buffalo, Inc. (Buffalo Zoo) claiming that they were owed $61,607.88 in fees under a contract to design construction plans for remodeling the main building at the Buffalo Zoo. For a second cause of action, plaintiffs asserted that the Buffalo Zoo owed $7,500 interest on fee payments that were not made in a timely manner. Because attempts to keep costs of the project within acceptable limits failed, this project was never completed. The contract provides that if portions of the project are not completed, "compensation * * * shall be payable to the extent services are performed on such portions * * * based on (1) the lowest bona fide bid or negotiated proposal or, (2) if no such bid or proposal is received, the most recent Statement of Probable Construction Cost or Detailed Estimate of Construction Cost for such portions of the Project." Defendant argues that the trial court erred by refusing to allow

expert testimony to aid in the interpretation of the phrase "negotiated proposal" and further erred by refusing to submit the issue of whether there was a negotiated proposal to the jury. We disagree. The language of the contract is clear and unambiguous; therefore, interpretation of the contract was a matter for the court (see, Sutton v East Riv. Sav. Bank, 55 NY2d 550, 554; Teitelbaum Holdings v Gold, 48 NY2d 51, 56). We agree with the trial court's conclusion that the term "negotiated proposal" in the contract refers to a negotiated proposal between the owner and a contractor, not between the owner and the architects. Because this project never got as far as the bidding or negotiation phase, no negotiated proposal existed, and the only question that could be properly put to the jury was the most recent statement of probable construction costs.

Nor do we agree with defendant's contention that the jury's special verdict, finding the most recent statement of probable construction costs to have been $8,467,339, was against the weight of the evidence. There was conflicting testimony on this question and credibility of the witnesses was at issue. Giving plaintiff the benefit of every favorable inference, as we must (Lee v Lesniak, 40 AD2d 756), we decline to upset the jury's determination.

The trial court erred, however, by directing a verdict for plaintiffs on their second cause of action seeking interest on late payments. The doctrine of estoppel is inapplicable here because defendant failed to show that it relied on plaintiffs' failure to invoice interest on late payments and changed its position to its detriment as a result of that reliance (see, Holm v C.M.P. Sheet Metal, 89 AD2d 229, 235). However, defendant proved that for over two years, plaintiffs billed their fees, defendant almost regularly paid late, and never once did plaintiffs assess, demand or assert their right to interest on past-due amounts. Plaintiffs accepted all payments on defendant's past-due account without protest, and never claimed that further amounts were due and owing. Plaintiff's invoices listed the "total amount due" and never included interest. In our view, this evidence raised a jury question as to whether plaintiffs had waived a claim for interest on late payments (see, 57 NY Jur 2d, Estoppel, Ratification and Waiver, § 88, at 125), and the court erred by directing a verdict for plaintiffs on this issue. Consequently, the verdict on the second cause of action is reversed and the judgment modified to the extent that it awarded interest on late payments, and the matter is remitted to the trial court for a trial on this issue only.

(Appeal from judgment of Supreme Court, Erie County, Wolf, J.—contract.) Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ.