■ BARRY TANNEN et al., Appellants, v LONG ISLAND RAIL ROAD, Respondent. [627 NYS2d 417] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from a judgment of the Supreme Court, Nassau County (Burke, J.), entered June 2, 1993, which, after a jury trial, is in favor of the defendant and against them dismissing the complaint, and (2) from an order of the same court dated August 26, 1993, which denied their motion to set aside the verdict and direct a new trial.

Ordered that the judgment and order are affirmed, with costs.

In this action, the exact location of the accident constituted an important factual question on the issue of the defendant's liability. In support of the plaintiffs' posttrial motion, their counsel argued that a certain photograph, had it been admitted into evidence, "would have shown blood on the rail where the plaintiff's foot was severed". The defense counsel points out that this photograph was "never offered * * * into evidence at any time during the entire trial". The plaintiff's attorney counters by noting that the trial court, in its decision and order disposing of the posttrial motion, acknowledged that a photograph had in fact been excluded.

Even if we assume that the apparently off-the-record ruling as to the admissibility of this photograph is, under these circumstances, properly reviewable on appeal, we see no basis

for reversal. As noted by the Supreme Court in its decision and order on the plaintiffs' motion to set aside the verdict, the excluded photograph was essentially a close-up depiction of a blood stain on a railroad track. This photograph, considered in isolation, would not have assisted the jury in any way because, as the Supreme Court stated, the location of the stain could not be determined with reference to any "existing identifiable fixed object".

It is true that this close-up photograph does depict what counsel describes as an "exposed metal reinforcing bar" protruding from the platform, a feature which is also evident in another, longer-range picture, which was admitted into evidence. Thus, the excluded close-up photograph might have had some significance if considered in tandem with the long-range photograph. However, we see nothing of any significance which the jury might have learned from the excluded close-up photograph which it would not also have been able to learn from the long-range photograph which was admitted, and which was marked by a witness in such a way as to indicate the location of the accident. In short, the excluded photograph was cumulative, and its exclusion was at most harmless error (see, e.g., Walker v State of New York, 111 AD2d 164; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2002:1, at 450).

We have examined the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.