■ WILLIAM T. WILLIAMS, Appellant, v 654 BROADWAY CORP. et al., Respondents. [664 NYS2d 557] —Order, Supreme Court, New York County (Joan Lobis, J.), entered August 14, 1996, which, in an action for property damages, insofar as appealed from as limited by plaintiff's brief, granted defendant landlord's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

We agree with the IAS Court that no issue of fact exists as to whether defendant landlord failed to comply with Multiple Dwelling Law § 284 or had notice of the defective water heater in the apartment above plaintiff's. Concur—Ellerin, J. P., Rubin, Tom, Mazzarelli and Andrias, JJ.

■ ABDO HIMED, Respondent, v PATRICIA GRADY, Appellant. [664 NYS2d 554] —Judgment, Supreme Court, New York County (Barbara Kapnick, J.), entered August 29, 1996, which, after a jury trial, awarded plaintiff the principal sum of $131,548, unanimously affirmed, with costs.

The verdict is supported by a fair interpretation of the evidence (*see*, *Martin v McLaughlin*, 162 AD2d 181, 184) and we decline to disturb it. It was for the jury to determine what weight, if any, should be given the very limited testimony of the police witness (*see*, *Klein v Benrubi*, 60 AD2d 548, 548-549). We also decline to reduce the award since it does not deviate materially from what is reasonable compensation under the circumstances (*see*, CPLR 5501 [c]). We have considered defendant's remaining arguments and find them to be without merit. Concur—Ellerin, J. P., Rubin, Tom, Mazzarelli and Andrias, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD LEWIS, Appellant. [665 NYS2d 251] —Judgment, Supreme Court, New York County (Charles Solomon, J.), rendered October 24, 1995, convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The court's statements to defendant concerning the potential sentence parameters if defendant were convicted after trial did not coerce defendant into pleading guilty, and we find the plea to be knowing and voluntary (*People v Moore*, 240 AD2d 214; *People v Cornelio*, 227 AD2d 248, *lv denied* 88 NY2d 982).

The sentence imposed following defendant's violation of the plea conditions was a proper exercise of discretion. Concur—Ellerin, J. P., Rubin, Tom, Mazzarelli and Andrias, JJ.