■ AMERICAN MOTORISTS INSURANCE COMPANY, as Subrogee of TRADE TOWN, INC., Appellant, v SCHINDLER ELEVATOR CORPORATION, Respondent. [739 NYS2d 388] —In an action to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Brown, J.), entered April 10, 2000, which, upon a jury verdict, is in favor of the defendant and against it dismissing the complaint.

Ordered that the judgment is reversed, on the law, the facts,

and in the exercise of discretion, and a new trial is granted, with costs to abide the event.

The plaintiff, American Motorists Insurance Company, as subrogee of its insured Trade Town, Inc. (hereinafter Trade Town), commenced this action to recover insurance proceeds it paid on a claim. The complaint alleged that the defendant Schindler Elevator Corporation, breached a maintenance contract under which it was responsible for the maintenance of Trade Town's escalators. Uncontroverted evidence showed that a fire originating in Trade Town's escalator was caused by a lit cigarette butt which found its way into the escalator pit where it ignited an accumulation of lint. The central issue at trial was whether Schindler breached the contract by failing to "regularly and systematically" examine and maintain the escalator as required by the contract's express terms. The term "regularly and systematically" was not defined.

Before jury selection the plaintiff, by motion in limine, sought permission to present parol evidence as to the meaning of the term "regularly and systematically." The Supreme Court ruled that the words had their plain and ordinary meanings as defined by Webster's Collegiate Dictionary and the plaintiff was precluded from introducing parol evidence as to their meanings. Despite this ruling and over the plaintiff's objection, the defendant was allowed to call as its sole witness an independent elevator consultant experienced in, inter alia, the design and installation of elevators and escalators. He was permitted to testify, as an expert, as to the meaning of "regularly and systematically" and to state his opinion as to the ultimate issue at trial, that the defendant had regularly and systematically cleaned and maintained the subject escalator.

The testimony of the defendant's expert, which may well have played a significant part in the jury's determination, should not have been admitted. Having ruled on the plaintiff's motion in limine that parol evidence was not admissible because the words "regularly and systematically" had their ordinary and plain meaning, the Supreme Court erred in permitting the defendant to offer expert testimony as to their meaning (*see generally, Hess v Zoological Socy. of Buffalo,* 134 AD2d 824). We also note that the Supreme Court improvidently exercised its discretion when, over the plaintiff's objection, it allowed the defendant to cross-examine Trade Town's president on the issue of whether Trade Town continued its contractual relationship with the defendant after the fire. Generally, evidence is relevant and admissible "if it has any ten-

dency in reason to prove the existence of any material fact, i.e., it makes determination of the action more probable or less probable than it would be without the evidence" (*People v Scarola,* 71 NY2d 769, 777). This testimony was not relevant to the issue of whether there was a breach of contract. The error was compounded when the defendant's counsel was allowed to comment during summation that this continued relationship was an endorsement of the defendant's work and proof of Trade Town's satisfaction with its performance before and after the fire.

A new trial is required since these errors may have played a significant role in the determination of the jury (*see, Standard Textile Co. v National Equip. Rental,* 80 AD2d 911). Prudenti, P.J., Ritter, Feuerstein and Townes, JJ., concur.