■ KIMBERLY WOODY, Appellant, v FOOT LOCKER RETAIL, INC., Respondent. [911 NYS2d 922]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Marber, J.), entered August 6, 2009, which, upon a jury verdict finding that the defendant was not at fault in the happening of the accident, is in favor of the defendant and against her dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff alleged that she was injured while shopping at the defendant's store when she fell after leaning on a "folding shelf" attached to a display table. The shelf was a wooden pull-out shelf used by store employees to fold merchandise. After trial, a jury found that the defendant was not negligent in the happening of the accident.

We agree that the Supreme Court erred in precluding the plaintiff from introducing evidence at trial of the defendant's Policy and Procedure Manual, which directed employees to "[s]lide folding boards back into display tables when not in use" (see Danbois v New York Cent. R.R. Co., 12 NY2d 234 [1963]). However, the error was harmless since the precluded evidence was cumulative of testimony already adduced before the jury during the plaintiff's direct case (see CPLR 2002; Sweeney v Peterson, 24 AD3d 984 [2005]; Tannen v Long Is. R.R., 215 AD2d 745 [1995]).

Contrary to the plaintiff's contention, the jury verdict was not contrary to the weight of the evidence. A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; Piazza v Corporate Bldrs. Group, Inc., 73 AD3d 1006 [2010]). Here, a fair interpretation of the evidence supports the conclusion that the defendant did not breach any duty of care owed to the plaintiff (see generally Basso v Miller, 40 NY2d 233, 241 [1976]; see also Peralta v Henriquez, 100 NY2d 139, 144 [2003]; Danielenko v Kinney Rent A Car, 57 NY2d 198, 204-205 [1982]).

The plaintiff's remaining contention is without merit. Skelos, J.P., Covello, Balkin and Sgroi, JJ., concur.