REINA RODRIGUEZ, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [916 NYS2d 525]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Dabiri, J.), entered December 4, 2009, which, upon a jury verdict, and upon the denial of its motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial on the issue of liability, is in favor of the plaintiff and against it in the principal sum of $50,000.

Ordered that the judgment is affirmed, with costs.

The defendant's contention that the Supreme Court improperly denied the admission of a certain photograph of the upper landing of the subject stairway taken some five years after the accident is without merit. The defendant failed to establish a proper foundation by showing that it was a fair and accurate representation of the condition of the landing on the date of the accident (*see Moore v Leaseway Transp. Corp.*, 49 NY2d 720, 723 [1980]; *People v Byrnes*, 33 NY2d 343, 347-349 [1974]; *Saporito v City of New York*, 14 NY2d 474, 476-477 [1964]; *Leven v Tallis Dept. Store*, 178 AD2d 466 [1991]; Prince, Richardson on Evidence § 4-212, at 149 [Farrell 11th ed]).

We agree with the defendant that the Supreme Court erred in precluding it from introducing into evidence two accident reports. The accident reports were made in the regular course of business and were admissible under CPLR 4518 (a) (*see Galanek v New York City Tr. Auth.*, 53 AD2d 586 [1976]; *Bracco v MABSTOA*, 117 AD2d 273, 277 [1986]; *Klein v Benrubi*, 60 AD2d 548, 548 [1977]; *Bishin v New York Cent. R.R. Co.*, 20 AD2d 921 [1964]). A business record is admissible even though the person who prepared it is available to testify to the acts or transactions recorded (*see Meiselman v Crown Hgts. Hosp.*, 285 NY 389, 397 [1941]; *Clarke v New York City Tr. Auth.*, 174 AD2d 268 [1992]; *Napolitano v Branks*, 141 AD2d 705, 706 [1988]). Accordingly, the accident reports should have been admitted (*see Klein v Benrubi*, 60 AD2d at 548). However, the error does not require reversal since the precluded evidence was cumulative of testimony already adduced before the jury during the de-

fendant's case (*see* CPLR 2002; *Woody v Foot Locker Retail, Inc.*, 79 AD3d 740 [2010]; *Sweeney v Peterson*, 24 AD3d 984 [2005]; *Tannen v Long Is. R.R.*, 215 AD2d 745 [1995]).

The defendant's remaining contention is without merit. Mastro, J.P., Balkin, Leventhal and Miller, JJ., concur.