■ JOHN MAIORANI, Appellant, v ADESA CORPORATION, Respondent. [921 NYS2d 255]—

In an action to recover damages for personal injuries, the

plaintiff appeals from a judgment of the Supreme Court, Richmond County (Marin, J.), dated March 13, 2009, which, upon a jury verdict finding him 70% at fault and the defendant 30% at fault in the happening of the accident, and upon an order of the same court dated January 26, 2009, denying his motion pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence and for a new trial, is in favor of the defendant and against him, in effect, dismissing the complaint.

Ordered that the judgment is reversed, on the law, on the facts, and in the exercise of discretion, with costs, and the matter is remitted to the Supreme Court, Richmond County, for a new trial.

On May 23, 2002, the plaintiff attended a car auction conducted by the defendant, Adesa Corporation, at its property in Manville, New Jersey. The defendant's property, covering 164 acres, was protected by an electrified fence capable of producing 7,000 volts. The fence's electric current was on at the time of the accident.

On the day of the accident, the plaintiff purchased a vehicle at the auction and then drove it to a location within the defendant's enclosed property in order to inspect the finish of the vehicle. During this inspection, the plaintiff leaned back, came in contact with the fence, and received an electric shock. A sign, which contained a warning in Spanish about the fence's 7,000-volt capacity and a lightning bolt symbol, was affixed to the fence in the area where the plaintiff was injured.

In 2004 the plaintiff commenced this action against the defendant alleging, inter alia, that it negligently and recklessly created and maintained a dangerous and hazardous condition in the form of the electrified fence and negligently failed to warn the plaintiff about the hazard.

The matter proceeded to trial by jury. At the conclusion of the trial, the jury found that the defendant was 30% at fault in the happening of the accident and the plaintiff 70% at fault. Since apportionment was subject to New Jersey law, which proscribes recovery to a plaintiff found to be more than 50% at fault, the plaintiff was not entitled to compensation for his injury based upon the jury verdict. The Supreme Court entered judgment in favor of the defendant. We reverse the judgment and remit the matter to the Supreme Court for a new trial.

The Supreme Court improvidently exercised its discretion when it denied the plaintiff's application to admit the electric fence agreement between the defendant and the nonparty fence manufacturer on the theory that admitting an insurance agree-

ment would be too prejudicial to the defendant (*see Leotta v Plessinger*, 8 NY2d 449, 461-462 [1960] [if a provision in the agreement is "relevant to one of the material issues, it cannot be excluded on the ground that it may be prejudicial"]). Excluding all evidence that a defendant is carrying liability insurance is "untenable" (*id.* at 461). For example, it has long been accepted that evidence that the defendant insured the premises is admissible in order to prove ownership or control (*see Salm v Moses*, 13 NY3d 816, 818 [2009]; *Hughes v Cold Spring Constr. Co.*, 26 AD3d 858, 859 [2006]; *Cleland v 60-02 Woodside Corp.*, 221 AD2d 307 [1995]). Likewise "[i]f the evidence is relevant to a material issue in the trial, it may be admissible notwithstanding the resulting prejudice of divulging the existence of insurance to the jury" (*Salm v Moses*, 13 NY3d at 818). The agreement's language that the "provider agrees to assume full liability for injuries caused by the system *during closed hours*" (emphasis added) is admissible, as it relates to a material issue at trial that the defendant had a duty to turn the fence's electric current off during business hours and had actual notice of the potential harm of leaving the electric current on during business hours. Since the plaintiff is not attempting to challenge or recover under the agreement but is only seeking to admit the agreement to show that the defendant assumed a duty of care, whether the plaintiff has standing as a noncontracting party is not relevant (*id.*; *cf. Decolator, Cohen & DiPrisco v Lysaght, Lysaght & Kramer*, 304 AD2d 86, 90 [2003]).

The Supreme Court also erred by precluding the testimony of Ernie Gemelaro and Christopher Bevacqua. Although the plaintiff discovered both witnesses on the eve of trial, this Court has held that the late disclosure of a witness, even one day before the commencement of trial, is permissible where the witness possesses material and necessary information and was not previously known to the proponent of the testimony (*see Smith v Saviolis*, 136 AD2d 621 [1988]). Gemelaro would have testified that he had previously warned the defendant that the electric current was on during an auction three weeks before the accident and was advised by the defendant's security personnel that the power should be turned off during auction days. He also would have testified with respect to his observations of the plaintiff moments after the accident. Although Gemelaro's testimony describing his observations of the plaintiff shortly after the accident would have been cumulative (*see Rodriguez v New York City Tr. Auth.*, 81 AD3d 804 [2011]; *Woody v Foot Locker Retail, Inc.*, 79 AD3d 740 [2010]; *Sweeney v Peterson*, 24 AD3d 984, 985 [2005]), the Supreme Court erred in precluding Gemelaro's testimony that he gave notice to the defendant three

weeks before the accident about the fence being electrified during business hours, and its response to that notice. Gemelaro's testimony is relevant in that it demonstrates the defendant's notice of the fence's potential harm, and its probative value is not substantially outweighed by the danger that it would unfairly prejudice the defendant (see People v Scarola, 71 NY2d 769, 777 [1988]; State of New York v Exxon Corp., 7 AD3d 926, 928 [2004]). Accordingly, the Supreme Court erred in precluding Gemelaro's testimony.

As to Bevacqua, the Supreme Court providently exercised its discretion in denying the plaintiff's application to have Bevacqua testify during the plaintiff's case-in-chief, as Bevacqua would have testified that he was a victim of an electric shock at the same facility approximately three years after the plaintiff's accident, which was not material to the issue of the defendant's notice (see People v Lewis, 69 NY2d 321, 325 [1987]; American Motorists Ins. Co. v Schindler El. Corp., 291 AD2d 467, 468-469 [2002]). However, the Supreme Court improvidently exercised its discretion in declining to amend a pretrial order which precluded Bevacqua from testifying on rebuttal for the plaintiff, as Bevacqua's testimony was relevant to rebut the testimony of Robert Petrone, the defendant's operations manager, that no records existed of complaints of injuries in connection with the fence before or after 2002 (see People v Lewis, 69 NY2d at 325; Doe v Department of Educ. of City of N.Y., 54 AD3d 352, 353-354 [2008]; Ochoa v Jacobsen Div. of Textron, Inc., 16 AD3d 393, 394 [2005]).

The Supreme Court also improvidently exercised its discretion in permitting the defendant's expert, Jeffrey Ketchman, a professional engineer, to testify about documents not previously disclosed to the plaintiff. The defendant was required to produce inspection and maintenance records related to the fence but alleged, during discovery, that no such records existed. Yet, Ketchman testified, and issued a report, based upon his review of those very records. The Ketchman report had not been disclosed to the plaintiff. In fact, the defendant's disclosure concerning Ketchman pursuant to CPLR 3101 (d) only stated that his opinion would be based upon his examination of the "pleadings, materials provided by Sentry Security Company, deposition testimony . . . , discovery materials exchanged during the course of litigation, plaintiff's medical records and testimony at trial," without providing a detailed list of those documents. The plaintiff was prejudiced by the defendant's concealment of these records, as the plaintiff was deprived of the opportunity to review and use them at trial.

The Supreme Court also deprived the plaintiff of a fair trial by failing to respond meaningfully to a series of questions from the jury inquiring when the fence's electric current should be turned on (*see Pagnotta v Diamond*, 51 AD3d 1099, 1100-1101 [2008] [court prevented the jury from properly considering the evidence by failing to provide a proper instruction on the defendant's burden of proof]; *Wagner Trading Co. v Walker Retail Mgt. Co.*, 307 AD2d 701, 704 [2003] [court's jury instruction on damages was so fundamentally flawed that it warranted a new trial]). Instead of reading back the relevant testimony, the Supreme Court impermissibly substituted its own interpretation of the facts and told the jury that there was no procedure in place relating to when the electric current should be turned on, although no defense witness had so testified. The Supreme Court's failure to respond meaningfully to these inquiries by the jury, which sought an explanation of the defendant's duty of care, also warrants a new trial.

Contrary to the plaintiff's contention, to the extent that Ketchman took photographs of the subject fence in 2006 as a part of his investigation, they were properly admitted upon Ketchman's testimony, subject to connection by Petrone, who could competently testify that the general appearance of the fence had not changed between the date of the plaintiff's accident in 2002 and 2006, when the photographs were taken (*see Cassano v Hagstrom*, 5 NY2d 643, 646 [1959]; *see also Arce v New York City Hous. Auth.*, 265 AD2d 281 [1999]). The plaintiff failed to preserve for appellate review his challenge to Ketchman's testimony about the condition of the fence in 2002 (*see Hambsch v New York City Tr. Auth.*, 63 NY2d 723 [1984]). Likewise, the plaintiff failed to preserve for appellate review his contention regarding Ketchman's testing methodology for the fence by not requesting a *Frye* hearing (*see Frye v United States*, 293 F 1013 [1923]; *see e.g. Andrew v Hurh*, 34 AD3d 1331, 1331-1332 [2006]; *People v Hinspeter*, 12 AD3d 617, 618 [2004]). To the extent that Ketchman's testing methodology went beyond his expertise, that fact bears on the weight of the evidence and not its admissibility (*see Gernat v State of New York*, 23 AD3d 1015 [2005]).

Although the plaintiff correctly contends that the Supreme Court incorrectly permitted Petrone to testify as to how the fence was constructed and how it worked, this error was harmless because the plaintiff was permitted to cross-examine Petrone about the degree of his knowledge (*see Hill v Arnold*, 226 AD2d 232 [1996]; *see also* CPLR 2002).

Contrary to the plaintiff's contention, he cannot now be heard

to object to the Supreme Court's admission of the defendant's application to the town to build the subject fence because the application was admitted into evidence upon the plaintiff's cross-examination of Petrone (*see Matter of Feldon v New York State Comptroller*, 69 AD3d 1092 [2010]).

The Supreme Court also properly denied the plaintiff's request for a res ipsa loquitur charge (*see Kambat v St. Francis Hosp.*, 89 NY2d 489 [1997]).

Likewise, the Supreme Court properly denied the plaintiff's request for a charge pursuant to New Jersey Model Civil Jury Charge 5.20F (12) (a)-(c) because it did not apply to the facts of the case (*see Feldman v Town of Bethel*, 106 AD2d 695 [1984]; *see also Liberatore v Kondrat*, 184 AD2d 809 [1992]).

Finally, contrary to the plaintiff's contention, the Supreme Court properly dismissed the plaintiff's demand for punitive damages because the allegations did not rise to the level of moral culpability sufficient to support such damages (*see Morton v Brookhaven Mem. Hosp.*, 32 AD3d 381 [2006]; *Zabas v Kard*, 194 AD2d 784 [1993]).

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit.

Accordingly, the matter must be remitted to the Supreme Court, Richmond County, for a new trial. Florio, J.P., Eng, Belen and Austin, JJ., concur.