■ MARIANNE T. O'TOOLE, as Trustee of SARAH PRUDDEN, Appellant, v ANNE M. VOLLMER et al., Appellant. [13 NYS3d 213]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Orange County (Sciortino, J.), dated May 19, 2014, as granted those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff allegedly was injured when she slipped and fell on a wet linoleum floor in the vestibule of a condominium building. She commenced this action against the defendants, who are owners of individual units in the condominium. The defendants separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them, and the Supreme Court granted those branches of the motions.

As a general rule, liability for a dangerous or defective condition on real property must be predicated upon ownership, occupancy, control, or special use of that property (*see Suero-Sosa v Cardona*, 112 AD3d 706 [2013]; *Sanchez v 1710 Broadway, Inc.*, 79 AD3d 845 [2010]). "[C]ondominium common elements are solely under the control of the board of managers" (*Pekelnaya v Allyn*, 25 AD3d 111, 120 [2005]). Here, the defendants, moving separately, each established their prima facie entitlement to judgment as a matter of law by demonstrating that as individual unit owners of the condominium, they had no duty to maintain the vestibule where the accident occurred, as it was one of the condominium's common elements (*see generally Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 214 [2010]; *Millman v Citibank*, 216 AD2d 278 [1995]). In opposition, the plaintiff failed to raise a triable issue of fact as to, inter alia, whether the defendants created the alleged wet condition that caused the plaintiff to slip and fall (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Contrary to the plaintiff's contention, those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them were not premature. "The mere hope and speculation that evidence sufficient to defeat the motion might be uncovered during discovery is an insufficient basis upon which to deny the motion" (*Hanover Ins. Co. v Prakin*, 81 AD3d 778, 780 [2011]; *see Essex Ins. Co. v Michael Cunningham Carpentry*, 74 AD3d 733, 734 [2010]; *Peerless Ins. Co. v Micro Fibertek, Inc.*, 67 AD3d 978, 979 [2009]).

Accordingly, the Supreme Court properly granted those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them. Leventhal, J.P., Cohen, Hinds-Radix and Duffy, JJ., concur.