Branach v Belvedere VIII, LLC (2020 NY Slip Op 08031)





Branach v Belvedere VIII, LLC


2020 NY Slip Op 08031


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2018-13076
 (Index No. 503700/17)

[*1]Ludwik Branach, plaintiff, 
v
Belvedere VIII, LLC, appellant, et al, defendants, Chana Goodman, et al., respondents.


Dominic L. Chiariello, Glen Cove, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Jane L. Gordon and Daniel Matza-Brown of counsel), for respondent City of New York.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the defendant Belvedere VIII, LLC, appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated October 5, 2018. The order denied, as premature, that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Belvedere VIII, LLC, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.
On October 13, 2016, the plaintiff allegedly was injured when he tripped and fell on a defective sidewalk abutting 212 Calyer Street and 214 Calyer Street in Brooklyn. Thereafter, the plaintiff commenced this action against, among others, the defendant Belvedere VIII, LLC (hereinafter the LLC), the sponsor of a condominium apartment building located at 214 Calyer Street (hereinafter the subject property). The LLC moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied the motion as premature. The LLC appeals, and we reverse.
In support of its motion, the LLC established its prima facie entitlement to judgment as a matter of law by demonstrating that it sold all the condominium units of the subject property in 2007, that it had no ownership interest in the subject property at the time of the plaintiff's accident, and that it had no duty to maintain the subject property (see O'Toole v Vollmer, 130 AD3d 597, 598). The papers submitted in opposition failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324).
We disagree with the Supreme Court's determination that the LLC's motion was premature. "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (Sterling Natl. Bank v Alan B. Brill, P.C., 186 AD3d 515, 518 [internal quotation marks omitted]).
Accordingly, the Supreme Court should have granted the LLC's motion for summary [*2]judgment dismissing the complaint and all cross claims insofar as asserted against it.
RIVERA, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court