Lewis v Lester's of N.Y., Inc. (2022 NY Slip Op 03109)

Lewis v Lester's of N.Y., Inc.

2022 NY Slip Op 03109

Decided on May 11, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2019-10435
 (Index No. 23891/12)

[*1]Andrew Lewis, appellant, 
v
Lester's of N.Y., Inc., et al., respondents, et al., defendants.

Subin Associates (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Michael H. Zhu, and Christopher Soverow], of counsel), for appellant.
Eustace, Prezioso & Yapchanyk, New York, NY (Maureen E. Peknic of counsel), for respondents Lester's of N.Y., Inc., and Lester's Girls' Shop, Inc.
Margaret G. Klein & Associates (Mauro Lilling Naparty LLP, Woodbury, NY (Seth M. Weinberg and Jessica Smith of counsel), for respondent Continental Towers Condominium.
Cartafalsa, Turpin & Lenoff, New York, NY (Carolyn Comparato and Renee Demott of counsel), for respondents Contower Assoc., L.P., and Intercapital Realty Corp.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated July 1, 2019. The order, insofar as appealed from, granted those branches of the separate motions of the defendants Contower Assoc., L.P., and Intercapital Realty Corp. and the defendants Lester's of N.Y., Inc., and Lester's Girls' Shop, Inc., which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against each of them, and denied the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
On January 4, 2010, the plaintiff was working as a plumbing mechanic for nonparty Pro-Tech Plumbing and Heating Corp. at a mixed-use condominium building in Manhattan. While standing on a scaffold and attempting to fix a leaking pipe located in a ceiling of the first floor of the building, the plaintiff allegedly sustained injuries when an elbow portion of the pipe became dislodged and fell on his back as he was bent over at the waist retrieving a tool from the scaffold's platform. At the time of the accident, the defendant Continental Towers Condominium (hereinafter CT Condo) was the owner of the building. The defendant Contower Assoc., L.P. (hereinafter Contower), owned commercial units on the first floor of the building, one of which was leased to the defendants Lester's of N.Y., Inc., and Lester's Girls' Shop, Inc. (hereinafter together the Lester's defendants). The defendant Intercapital Realty Corp. (hereinafter together with Contower, the Contower defendants) was the managing agent for Contower. The leak at issue was located in one [*2]of the pipes above a drop ceiling in the Lester's defendants' leased space, which pipes serviced the building. It is undisputed that CT Condo retained the plaintiff's employer to fix the leak and paid for those services.
The plaintiff commenced this action to recover damages for personal injuries against, among others, the Lester's defendants, CT Condo, and the Contower defendants alleging, inter alia, a violation of Labor Law § 240(1). The Contower defendants moved, and the Lester's defendants separately moved, among other things, for summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against each of them. The plaintiff cross-moved for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action. The Supreme Court, inter alia, granted those branches of the separate motions of the Contower defendants and the Lester's defendants, and denied the plaintiff's cross motion for summary judgment. The plaintiff appeals.
"[C]ondominium common elements are solely under the control of the board of managers" (Pekelnaya v Allyn, 25 AD3d 111, 120; see O'Toole v Vollmer, 130 AD3d 597, 598; see also Jerdonek v 41 W. 72 LLC, 143 AD3d 43, 44). In keeping with the vesting of exclusive control of a condominium's common elements in the board of managers, it is well established that a cause of action arising from the condition or operation of the common elements does not lie against the owners of the individual units; the proper defendant on such a cause of action is the board of managers (see Pekelnaya v Allyn, 25 AD3d at 113; see also O'Toole v Vollmer, 130 AD3d at 598; Rothstein v 400 E. 54th St. Co., 51 AD3d 431, 431-432). Here, the Contower defendants and the Lester's defendants each established their prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 240(1) cause of action insofar as asserted against each of them by demonstrating that they had no duty to maintain the pipe at issue where the accident occurred, as it was one of the condominium's common elements (see O'Toole v Vollmer, 130 AD3d at 598; see also Jerdonek v 41 W. 72 LLC, 143 AD3d at 46-47). Indeed, those defendants established, prima facie, that they were not owners, contractors, or agents as those terms are defined under Labor Law § 240 given the facts of this case. In opposition to those defendants' prima facie showings, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320). Therefore, the Supreme Court properly granted those branches of those defendants' motions which were for summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against each of them.
The Supreme Court also properly denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against CT Condo. The evidence submitted by the plaintiff in support of that branch of his cross motion, including a transcript of his own deposition testimony, failed to eliminate triable issues of fact as to whether the absence of any adequate safety device was a proximate cause of the accident (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290). Since the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law, the court should have denied that branch of his cross motion without addressing the sufficiency of CT Condo's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d at 324).
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court