Bardio v Rego II Borrower, LLC (2023 NY Slip Op 00405)

Bardio v Rego II Borrower, LLC

2023 NY Slip Op 00405

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-04911
 (Index No. 713644/17)

[*1]Bridgit Bardio, etc., respondent, 
v
Rego II Borrower, LLC, etc., et al., appellants, et al., defendant.

Farber Brocks & Zane, LLP, Garden City, NY (Lester Chanin of counsel), for appellants.
Silberstein Awad & Miklos, Garden City, NY (James E. Baker and Kenneth M. Tuccillo of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Rego II Borrower, LLC, Rego Center Security, Vornado Realty Trust, Urban Edge Properties, Alexander's, Inc., and Alexander's Rego Shopping Center, Inc., appeal from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), dated March 16, 2020. The order, insofar as appealed from, denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she tripped and fell on internal stairs at the Rego Center shopping mall. The defendant Rego II Borrower, LLC, is the owner of the premises. Security personnel at the mall were employed by the defendant Alexander's, Inc.
Following examinations before trial of the plaintiff and security director Israr Bukhari, Rego II Borrower, LLC, Alexander's, Inc., and the defendants Rego Center Security, Vornado Realty Trust, Urban Edge Properties, and Alexander's Rego Shopping Center, Inc. (hereinafter collectively the defendants), moved for summary judgment dismissing the complaint insofar as asserted against them, submitting, inter alia, a transcript of the plaintiff's deposition testimony, and arguing, among other things, that the plaintiff could not identify the cause of her fall. By order dated March 16, 2020, the Supreme Court, inter alia, concluded that the plaintiff's inability to identify the cause of her fall was fatal to her claim that the defendants failed to maintain the staircase in a reasonably safe and clean condition. The court nevertheless denied the defendants' motion, finding that the defendants failed to address the plaintiff's additional theory of liability that the defendants' security officer, David Cardona, assumed a duty of care to escort the plaintiff to her vehicle located in a lower level parking area, and breached that duty by failing to escort her in a safe manner. Thus, the court determined that triable issues of fact precluded summary judgment in favor of the defendants. The defendants appeal.
"To establish a prima facie case of negligence, a plaintiff must demonstrate the [*2]existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and that the breach was a proximate cause of the plaintiff's injury" (Rushton v State of NY, 189 AD3d 1488, 1489; see Pulka v Edelman, 40 NY2d 781, 782). "[A] duty may arise from negligent words or acts that induce reliance" (Heard v City of New York, 82 NY2d 66, 71). "Generally speaking, one does not owe a duty to come to the aid of a person in peril, whether the peril is medical or otherwise" (Miglino v Bally Total Fitness of Greater NY, Inc., 92 AD3d 148, 159). However, "'one who assumes a duty to act, even though gratuitously, may thereby become subject to the duty of acting carefully'" (Mirza v Metropolitan Life Ins. Co., 2 AD3d 808, 809, quoting Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 522; see Parvi v City of Kingston, 41 NY2d 553). "[T]he question is whether defendant's conduct placed plaintiff in a more vulnerable position than plaintiff would have been in had defendant done nothing" (Heard v City of New York, 82 NY2d at 72; see Malpeli v Yenna, 81 AD3d 607, 609).
Here, the evidence submitted by the defendants, viewed in a light most favorable to the plaintiff (see Cohen v Heritage Motor Tours, 205 AD2d 105, 108; Martin v Gallagher Truck Ctr., 244 AD2d 534, 534), established that she and her husband left a restaurant at the mall where she had consumed several alcoholic drinks, and walked over to an elevator intending to descend to the lower level parking garage where her vehicle was located. When the couple became involved in a heated argument, Cardona approached and directed the husband to leave, which he did. The plaintiff, admittedly intoxicated, thereafter asked Cardona to help her find her car. Cardona agreed and he and the plaintiff then proceeded to the internal stairs. The plaintiff had descended to the second landing of the stairway before she tripped and fell down the remaining flight of stairs. In his post-accident witness statement form, Cardona stated that the plaintiff was alone when he first approached her and that she smelled of alcohol and was intoxicated. Cardona also stated that he advised the plaintiff to take the elevator but she refused.
Contrary to the plaintiff's contention, the defendants' argument that the plaintiff could not have relied to any degree upon Cardona's actions and, if she did, his actions did not place her in a more vulnerable position because she declined Cardona's suggestion that they use the elevator, is properly before this Court. In addition, Cardona's witness statement form is admissible. At his deposition, Bukhari identified the signature therein to be that of Cardona (see Jerome Prince, Richardson on Evidence §§ 7-318, 9-103 [Farrell 11th ed.]), and Bukhari's testimony established that the document "was made in the regular course of . . . business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter" (CPLR 4518; see Rodriguez v NY City Tr. Auth., 81 AD3d 804, 804; Harrison v Bailey, 79 AD3d 811). Moreover, the source of the recited matter in the witness statement form was Cardona's own claimed observations (see Yassin v Blackman, 188 AD3d 62, 66).
However, the evidence submitted by the defendants in support of their motion, notably the deposition transcripts of the plaintiff and Bukhari, as well as Cardona's witness statement form, failed to eliminate triable issues of fact as to whether the plaintiff relied on Cardona's conduct to her detriment or whether Cardona's conduct increased the risk of harm to the plaintiff (see Heard v City of New York, 82 NY2d at 73; Lewis v Lester's of NY, Inc., 205 AD3d 796). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, it is not necessary to review the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
DILLON, J.P., BARROS, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court