Saraiva v New York State Thruway Auth. (2025 NY Slip Op 00567)

Saraiva v New York State Thruway Auth.

2025 NY Slip Op 00567

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, GREENWOOD, AND KEANE, JJ.

863 CA 24-00174

[*1]MARIO SARAIVA, CLAIMANT-APPELLANT,
v
NEW YORK STATE THRUWAY AUTHORITY, DEFENDANT-RESPONDENT. (CLAIM NO. 128270.) 

FARBER SCHNEIDER FERRARI LLP, NEW YORK CITY (DANIEL J. SCHNEIDER OF COUNSEL), FOR CLAIMANT-APPELLANT. 
RIZZO REED & O'BRIAN, PLLC, PITTSFORD (JOSEPH B. RIZZO OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from a judgment of the Court of Claims (Debra A. Martin, J.), entered August 3, 2023. The judgment dismissed claimant's claim. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Claimant commenced this action seeking damages for injuries he sustained after he received a static electrical shock upon touching a PVC vacuum pipe while sandblasting paint on an overpass located on the New York State Thruway. As relevant here, he asserted a Labor Law § 241 (6) claim predicated on violations of Industrial Code (12 NYCRR) 23-1.5 (c) (3) and 23-9.2 (a), alleging that defendant was negligent in permitting him to work near a known defective PVC vacuum pipe that had previously caused similar static electrical shocks to other workers on the site. According to claimant, the PVC vacuum pipe was defective because it was not properly grounded to dissipate any accumulated static electrical charge during the vacuum's operation.
The Court of Claims, inter alia, denied that part of defendant's motion for summary judgment dismissing the claim with respect to the Labor Law § 241 (6) claim, which we affirmed for reasons stated (Saraiva v New York State Thruway Auth., 208 AD3d 1651, 1651 [4th Dept 2022]). The matter proceeded to a nonjury trial, which resulted in the court determining that defendant was not liable to claimant. Claimant appeals from a judgment dismissing the claim.
On appeal, claimant contends that the judgment should be reversed and that he should be granted a new trial based on several erroneous trial rulings. We reject claimant's contentions. "Since '[t]rial courts are accorded wide discretion in making evidentiary rulings . . . , absent an abuse of discretion, those rulings should not be disturbed on appeal' " (Mazella v Beals, 27 NY3d 694, 709 [2016]; see People v Carroll, 95 NY2d 375, 385 [2000]). "To be admissible [at trial], evidence must be relevant and its probative value outweigh the risk of any undue prejudice" (Mazella, 27 NY3d at 709; see generally Jerome Prince, Richardson on Evidence § 4-101 at 136 [Farrell 11th ed 1995]). Nevertheless, "[a]n error in a ruling of the court shall be disregarded if a substantial right of a party is not prejudiced"; in other words, there is no grounds for reversal if the ruling is harmless (CPLR 2002; see Mazella, 27 NY3d at 711; Senycia v Vosseler, 217 AD3d 1520, 1522 [4th Dept 2023]).
Claimant first contends that the court erred in striking a portion of testimony from a witness who asserted that on two prior occasions he had received a static electrical shock on the work site prior to claimant's accident. Specifically, the court, at trial, struck that part of the witness's testimony concerning the first of the two alleged prior shock incidents. Even [*2]assuming, arguendo, that the court erred in striking the testimony at issue (see generally Maiorani v Adesa Corp., 83 AD3d 669, 671-672 [2d Dept 2011]), we conclude that the error is harmless under the circumstances (see CPLR 2002). Specifically, we note that in its written decision, the court clearly considered the testimony that it had previously stricken and simply declined to credit any of that witness's testimony. Thus, inasmuch as the testimony at issue was ultimately considered by the court, the initial decision to strike that testimony did not affect a substantial right of claimant (see id.).
Claimant also contends that the court erred in precluding him from impeaching certain testimony of another witness using that witness's prior report on the basis that it constituted inadmissible evidence of subsequent remedial measures. We reject that contention. It is well settled that "[e]vidence of repairs made after an accident is inadmissible if offered as an admission of negligence or culpability in causing the injury" (Prince, Richardson on Evidence § 4-612 at 210; see Caprara v Chrysler Corp., 52 NY2d 114, 122 [1981], rearg denied 52 NY2d 1073 [1981]; Cahill v Kleinberg, 233 NY 255, 259-260 [1922]). Nonetheless, such "evidence may be admissible for any other relevant purpose," including "for impeachment purposes" (Bolm v Triumph Corp., 71 AD2d 429, 436 [4th Dept 1979], lv dismissed 50 NY2d 801 [1980], lv dismissed 50 NY2d 928 [1980]; see generally Prince, Richardson on Evidence § 4-612 at 211). Here, we conclude that the court did not abuse its discretion in precluding claimant from impeaching the witness through use of a prior report of that witness because that report did not contain a "prior statement inconsistent with his testimony" (CPLR 4514). Even assuming, arguendo, that the court erred in precluding claimant from impeaching the witness with the prior report, we further conclude that any such error was harmless (see CPLR 2002).
Finally, we reject claimant's contention that the court erred in limiting the trial testimony of claimant's expert witness. Here, we conclude that the court did not err in precluding claimant's expert from testifying about the magnitude of the static electrical shock received by claimant inasmuch as such testimony "exceeded the scope of the expert disclosure[, and] defendant[ ] established that [it was] prejudiced by [the] failure to include the" proffered testimony "in the expert disclosure" (Lidge v Niagara Falls Mem. Med. Ctr. [appeal No. 2], 17 AD3d 1033, 1035 [4th Dept 2005]). Regardless, because the court considered—and ultimately rejected—aspects of the expert's testimony that suggested that claimant received a significant static electrical shock, we conclude that any error in precluding the challenged testimony did not prejudice a substantial right of claimant and was, therefore, harmless (see CPLR 2002).
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court