MARTIN ROTHSTEIN, Respondent-Appellant, v 400 EAST 54TH STREET COMPANY et al., Appellants-Respondents, and STARBUCKS COFFEE COMPANY et al., Respondents-Respondents, et al., Defendant. [857 NYS2d 100]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered January 3, 2007, which granted the motions of defendants Berkeley Associates and Starbucks Coffee Company for summary judgment dismissing the complaint and all cross claims as against them, unanimously affirmed, without costs.

Plaintiff was injured when, while descending stairs outside the Starbucks' premises located in a condominium building owned by defendant 400 East 54th Street Co., he slipped and fell on an icy condition. Starbucks leased the premises from Berkeley, and there was a 10-foot-wide plaza area between the entrance to Starbucks and the stairs leading to the sidewalk.

The court properly granted summary judgment in favor of Berkeley because as unit owner of the premises, it owed no duty to plaintiff inasmuch as the common areas of the condominium,

in this instance the plaza area and steps, were solely under the control of the condominium board of managers, and owners of individual units are not liable for injuries sustained as a result of defects in the common elements (see *Pekelnaya v Allyn*, 25 AD3d 111, 121 [2005]). Nor were the common elements part of the premises Berkeley leased to Starbucks, who bore no contractual responsibility for maintaining the stairs, which were not for its exclusive benefit. Even if such a contractual duty existed, the record shows that there are no triable issues of fact as to whether Starbucks, in failing to exercise reasonable care in the performance of its duties, launched a force or instrument of harm, whether plaintiff detrimentally relied on the continued performance of the contracting party's duties, or whether Starbucks entirely displaced the owner's duty to maintain the premises safely (see *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 139-140 [2002]). Furthermore, even assuming that an employee of Starbucks had indeed salted the steps prior to the accident, there was no showing that this made the steps more dangerous (see *Williams v KJAEL Corp.*, 40 AD3d 985 [2007]). Concur—Mazzarelli, J.P., Friedman, Sweeny and Moskowitz, JJ.