■ PATRICIA ARAUJO, Respondent, v MERCER SQUARE OWNERS CORP. et al., Defendants, MERCER SQUARE LLC, Appellant, and BATH & BODY WORKS, LLC, Respondent. [944 NYS2d 126]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered September 2, 2011, which, to the extent appealed from as limited by the briefs, denied defendant Mercer Square LLC's motion for summary judgment dismissing the complaint and all cross claims against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

This is a personal injury action arising from a slip and fall on a public sidewalk in front of a condominium building consisting of a residential unit, owned by defendant Mercer Square Owners Corp., and a commercial unit, owned by defendant Mercer Square LLC (LLC). The LLC's motion for summary judgment should have been granted, as it owed no duty to plaintiff. Indeed, the condominium declaration provided that the board of managers of the condominium was required to maintain and repair the common elements of the condominium, including the public sidewalk "outside of and immediately appurtenant" to the building. The LLC, as an owner of an individual unit in the building, is not an "owner" for purposes of Administrative Code of the City of New York § 7-210; thus, it is not liable for injuries sustained as a result of defects in the sidewalk (*see Rothstein v 400 E. 54th St. Co.*, 51 AD3d 431 [2008]).

Although the condominium's declaration contained a provi-

sion purporting to give the LLC an "exclusive easement" for the sidewalks, this provision was ineffective to transfer any rights to the LLC. Indeed, an easement can be created only by one who has title to, or an estate in, the servient estate, so that one who has neither cannot create an easement (*see Stilbell Realty Corp. v Cullen*, 43 AD2d 966, 967 [1974]; *Fred F. French Inv. Co., Inc. v Jetter*, 270 AD 1048, 1048 [1946]). Because neither the condominium, nor its sponsor, held title to the public sidewalk, it could not grant an easement to the LLC. Concur— Tom, J.P., Andrias, Richter, DeGrasse and Abdus-Salaam, JJ. **[Prior Case History: 33 Misc 3d 835.]**