Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered June 27, 2012, which, to the extent appealed from as limited by the briefs, denied defendants PC. Richard & Son, LLC and A.J. Richard & Sons, Inc.’s (PC Richard) motion for summary judgment dismissing the complaint and cross claims against them and for an award of reasonable attorneys’ fees and costs against defendant City Bay Plaza, LLC, unanimously modified, on the law, the motion granted to the extent of dismissing the complaint and all cross claims against PC Richard, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.
*429 In this action for personal injuries, plaintiff alleges that he tripped and fell over a piece of metal on the edge of a curb cut adjacent to a sidewalk in front of a shopping plaza, where PC Richard is a tenant. As a tenant of the shopping center, not an abutting landowner, PC Richard has no statutory obligation to maintain the public sidewalk adjacent to its store (Administrative Code of City of NY § 7-210; see Rothstein v 400 E. 54th St. Co., 51 AD3d 431 [2008]). Further, under the terms of the 1998 lease between PC Richard and defendant landlord City Bay Plaza, LLC, PC Richard has no obligation to maintain the sidewalk (see Collado v Cruz, 81 AD3d 542 [1st Dept 2011]).
Even if it were shown that PC Richard constructed the subject sidewalk after entering into the lease, there is no evidence that the construction was negligently performed, or that the defect that allegedly caused plaintiff’s accident 8 to 10 years later, resulted from such construction, rather than the effects of the passage of time (see Siegel v City of New York, 86 AD3d 452, 455 [1st Dept 2011]). Nor is PC Richard liable under a special use theory, since it made no special use of the public sidewalk, and there is no evidence that the alleged defect was caused by its use of the sidewalk (see Balsam v Delma Eng’g Corp., 139 AD2d 292 [1st Dept 1988], appeal dismissed in part, denied in part 73 NY2d 783 [1988]).
PC Richard is not, however, entitled to recover reasonable attorneys’ fees and costs from the landlord, since the lease provision it relies upon applies when legal fees and costs are incurred to “enforce or protect its rights under [the] lease,” not in defense of a personal injury action (see Cier Indus. Co. v Hessen, 136 AD2d 145, 148 [1st Dept 1988]). Concur—Tom, J.P., Sweeny, Moskowitz, Manzanet-Daniels and Gische, JJ.