■ MADELYN ORTIZ, Appellant, v TIMES PLAZA DEVELOPMENT CORP. et al., Respondents, et al., Defendant. (And a Third-Party Action.) [29 NYS3d 474]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin, J.), dated January 24, 2014, which granted the motion of the defendants Times Plaza Development Limited Partnership and Times Plaza Development Corp. for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly slipped and fell on a portion of a sidewalk abutting a storefront owned by the defendant Times Plaza Development Limited Partnership (hereinafter TPDLP). The storefront was a commercial unit located within a condominium building. The plaintiff commenced this action to recover damages for personal injuries against TPDLP and the defendant Times Plaza Development Corp., a 1% owner and general partner of TPDLP (hereinafter together the Times Plaza defendants). The Times Plaza defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion, and the plaintiff appeals.

The Supreme Court properly granted the Times Plaza de-

fendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Administrative Code of the City of New York § 7-210 (b) provides that the owner of real property abutting any sidewalk may be liable for personal injury caused by the failure of such owner to maintain the sidewalk in a reasonably safe condition. Here, however, the defendants established, prima facie, that TPDLP, as the owner of an individual unit within the condominium building, was not an owner within the meaning of Administrative Code of the City of New York § 7-210, and owed no other duty to maintain the sidewalk (*see Fayolle v East W. Manhattan Portfolio L.P.*, 108 AD3d 476 [2013]; *Araujo v Mercer Sq. Owners Corp.*, 95 AD3d 624 [2012]). In opposition, the plaintiff failed to raise a triable issue of fact. Dillon, J.P., Chambers, Dickerson and Barros, JJ., concur.