[36 NYS3d 17]

ORFEUSZ M. JERDONEK, Respondent, v 41 WEST 72 LLC et al., Appellants. (And a Third-Party Action.)

First Department, July 28, 2016

44

**APPEARANCES OF COUNSEL**

*Baxter, Smith & Shapiro, P.C.*, Hicksville (*Joseph M. Guzzardo* of counsel), for appellants.

*The Perecman Firm, PLLC*, New York City (*David H. Perecman* and *Peter D. Rigelhaupt* of counsel), for respondents.

**OPINION OF THE COURT**

FRIEDMAN, J.P.

Plaintiff was injured in a fall from a scaffold while he was working in a boiler room that is a common element of the con-

dominium apartment building at 41 West 72nd Street in Manhattan, known as the Hermitage Condominium. All members of this panel agree that plaintiff is entitled to summary judgment as to liability under Labor Law § 240 (1) against the party that owned the property on which he was injured when the accident occurred in February 2009. Because a declaration converting the building to condominium status was recorded in 2001, more than seven years before the accident, it is plain, under our precedents, that, at the time of the accident, the "owner" of the condominium's common elements, for purposes of this tort action, was defendant the Board of Managers of the Hermitage Condominium (hereinafter the Hermitage board), not defendant 41 West 72 LLC, the entity that sponsored the conversion, regardless of 41 West 72 LLC's continued ownership of some of the building's individual units. It is the Hermitage board, not the former sponsor, that exercised exclusive control over the building's common elements and entered into the contract for the lobby renovation project in the course of which plaintiff was injured. The Hermitage board is a named defendant that has appeared in this action and is actively defending it; there is no reason to believe that the Hermitage board might lack the resources to satisfy plaintiff's ultimate judgment. Moreover, plaintiff himself, through his counsel at the argument of this appeal, has stated that he does not oppose dismissing 41 West 72 LLC from the action, so long as he is granted summary judgment against the Hermitage board. Accordingly, while we affirm other aspects of Supreme Court's order, we modify it to grant 41 West 72 LLC's motion for summary judgment dismissing plaintiff's Labor Law claims as against it and, upon a search of the record, to grant plaintiff summary judgment as to liability on his claim under Labor Law § 240 (1) as against the Hermitage board.

Initially, we address the merits of plaintiff's cause of action under Labor Law § 240 (1). Plaintiff's testimony that he fell and was injured when the scaffolding on which he was working moved establishes prima facie that the statute was violated and that the violation was a proximate cause of plaintiff's injuries (*see Zengotita v JFK Intl. Air Term., LLC*, 67 AD3d 426 [1st Dept 2009]). The conflicting testimony of Carlos Alvarado, an employee of defendant Bar Construction Corp., the general contractor that hired plaintiff's employer, does not preclude partial summary judgment in plaintiff's favor, since the statute was violated under either version of the accident (*see Romanczuk v Metropolitan Ins. & Annuity Co.*, 72 AD3d

592 [1st Dept 2010]). Bar Construction's foreman's admission that the first level of the scaffolding did not have middle or top guardrails also establishes a violation of the statute (*see Ritzer v 6 E. 43rd St. Corp.*, 57 AD3d 412 [1st Dept 2008]). The record does not support defendants' argument that plaintiff was the sole proximate cause of his accident or a recalcitrant worker since plaintiff's fall was caused in part by the fact that the scaffold was not properly secured and was not equipped with guardrails (*see Boyd v Schiavone Constr. Co., Inc.*, 106 AD3d 546, 548 [1st Dept 2013]). There is no evidence that plaintiff disregarded an instruction to use any particular safety device (*see generally Hill v Acies Group, LLC*, 122 AD3d 428 [1st Dept 2014]).

Turning to the question of which entities (other than Bar Construction and the Hermitage board) are properly named as defendants upon plaintiff's Labor Law causes of action, we hold that Supreme Court erred in denying defendants' motion insofar as it sought summary judgment dismissing plaintiff's claims under Labor Law §§ 240 (1) and 241 (6) as against defendant 41 West 72 LLC and plaintiff's claims under Labor Law §§ 200, 240 (1) and 241 (6) as against defendant Property Markets Group, Inc. As to Property Markets, the record contains no evidence that this entity ever owned or controlled the premises where the accident occurred. The basis for dismissing the claim as against 41 West 72 LLC requires a more extended discussion.

As previously noted, plaintiff was injured in February 2009 in the boiler room of the residential apartment building located at 41 West 72nd Street in Manhattan. While defendant 41 West 72 LLC acquired the building in question by a deed recorded in January 2001, several months later, in August 2001, 41 West 72 LLC made the building subject to the Condominium Act (Real Property Law art 9-B) by executing and filing a declaration of condominium pursuant to Real Property Law § 339-f.[1] The declaration defines the common elements of the condominium (Real Property Law § 339-e [3]) to include

---

1. The dissent seems to suggest that the deed of January 2001 is conclusive evidence that the building was "titled in [41 West 72 LLC's] name," without qualification, when plaintiff's accident occurred more than seven years later. This ignores the fact that, the following August, a declaration of condominium was "indexed and recorded pursuant to and with the same effect as provided in [Real Property Law] article nine" (Real Property Law § 339-s [1]), like any other instrument affecting real property interests. The declaration, although it did not convey ownership from 41 West 72 LLC to

the building's boiler room. As a common element of the condominium, the boiler room was, at the time of plaintiff's accident, owned collectively by all of the owners of the building's 130 units.[2] However, the conversion of the building to a condominium placed its common elements "solely under the control of the [condominium's] board of managers" pursuant to the Condominium Act, which "recogni[zes] that the board exercises exclusive control over the common elements" (*Pekelnaya v Allyn*, 25 AD3d 111, 120 [1st Dept 2005]; *see also* Real Property Law § 339-v [1] [a] [requiring that the bylaws of a condominium establish a board of managers]).[3]

---

any other party, divided the building into multiple parcels, known as "units," that could be separately sold and conveyed to buyers, each along with its appurtenant interest in the building's common elements, as defined in the declaration. A deed necessarily was recorded upon each sale of a unit after the conversion to condominium status, with each such deed setting forth "[t]he common interest appertaining to that unit" (Real Property Law § 339-o [4]). Thus, contrary to the dissent's implication, it is clear that a full title search undertaken to determine ownership of the building's common elements at the time of the accident would not have stopped with the pre-conversion January 2001 deed. Rather, such a title search would have included the subsequent condominium declaration and the deeds for all units sold to new owners thereafter. While the dissent objects that 41 West 72 LLC did not place any deeds reflecting subsequent unit sales in the record, by the dissent's own reasoning, there would have been no reason for 41 West 72 LLC to place any of those deeds in the record unless it had sold 100% of the units and completely divested itself of any ownership interest in the common elements. This is because, as more fully discussed below, the dissent takes the position that each and every unit owner, even the owner of a single unit, is subject to personal liability on plaintiff's claim by reason of that owner's fractional ownership interest in the common elements.

2. *See* Real Property Law § 339-e (5) (defining, in pertinent part, the term "[c]ommon interest" to mean the "proportionate, undivided interest in fee simple absolute . . . in the common elements [of the condominium] appertaining to each unit, as expressed in the declaration"); Real Property Law § 339-i (1) ("Each unit shall have appurtenant thereto a common interest as expressed in the declaration"); Real Property Law § 339-g ("Each unit, together with its common interest, shall for all purposes constitute real property"); Real Property Law § 339-o (4) (the deed to each condominium unit sold after the conversion must set forth "[t]he common interest appertaining to the unit").

3. The dissent, in support of the view that the complaint should not be dismissed as against 41 West 72 LLC, points to the declaration's recital that 41 West 72 LLC was, as of the time of the recording of that instrument, the sole fee owner of the property. This statement was obviously necessary to establish the standing of the declarant (41 West 72 LLC) to effect the conversion at the time the declaration was recorded, and has no implications for which party or parties may be properly sued as the building's "owner" upon causes of action arising *after* the conversion. As to the declaration's subsequent provision that upon its filing, "fee simple absolute title shall

In keeping with the vesting of exclusive control of a condominium's common elements in the board of managers, it is well established that a claim arising from the condition or operation of the common elements does not lie against the owners of the individual units; the proper defendant on such a claim is the board of managers (*see Pekelnaya*, 25 AD3d at 113; *see also O'Toole v Vollmer*, 130 AD3d 597, 598 [2d Dept 2015]; *Rothstein v 400 E. 54th St. Co.*, 51 AD3d 431, 431-432 [1st Dept 2008]). Further, this Court has held that a statute imposing obligations or liabilities upon the "owner" of real property does not give rise to a claim against the owners of individual condominium units where the claim arises from the common elements or concerns a duty not connected with any individual unit (*see Pekelnaya*, 25 AD3d at 118-119 [rejecting a claim against unit owners under Multiple Dwelling Law § 78, which makes "the owner" of a multiple dwelling responsible for keeping the building "in good repair"]; *Araujo v Mercer Sq. Owners Corp.*, 95 AD3d 624 [1st Dept 2012] [rejecting a claim against the owner of an individual condominium unit for violating Administrative Code of City of NY § 7-210, which imposes obligations on "the owner of real property abutting any sidewalk"]; *see also Fayolle v East W. Manhattan Portfolio L.P.*, 108 AD3d 476 [1st Dept 2013], *appeal dismissed* 22 NY3d 979 [2013], *lv dismissed in part, denied in part* 24 NY3d 1079 [2014] [following *Araujo*]).[4]

In this action, plaintiff has named the condominium's board of managers, the aforementioned Hermitage board, as a de-

---

automatically vest in [41 West 72 LLC] in all Units, individually and collectively, without the need to execute specific and particular deeds or indentures for each and every Unit," this was necessary to enable the sponsor to sell units as separate parcels. As more fully discussed below, if 41 West 72 LLC's continued ownership of whatever units it had not sold as of the date of plaintiff's accident subjected it to personal liability to plaintiff for injuries he incurred within a common element of the building, it would follow that each and every owner of an individual unit in the building on that date would be subject to the very same personal liability. Indeed, the dissent acknowledges this implication of its position.

**4.** The dissent asserts that *Pekelnaya* is distinguishable from the instant case in that, here, "the Labor Law provides a statutory basis for strict liability against the owner and possibly others." This overlooks the fact, noted above, that *Pekelnaya* addressed, in addition to a common-law negligence claim, a statutory cause of action against "the owner" of the property under Multiple Dwelling Law § 78. The dissent makes no attempt to distinguish *Araujo* and *Fayolle*, in both of which cases we rejected arguments that obligations imposed by the New York City Administrative Code upon "the owner" of real property applied, where the property in question was a common element of a condominium, to owners of individual condominium units.

fendant. It is the Hermitage board, not 41 West 72 LLC, that entered into the contract for the lobby renovation project in the course of which plaintiff was injured. The Hermitage board has appeared in this action and is actively defending itself in the matter, including by taking part in the instant appeal, and has admitted that it is properly sued as the owner of the building's common elements. Plaintiff makes no claim that the Hermitage board was not actually functioning at the time of the accident or that it lacks the resources to satisfy a judgment in his favor. In fact, as earlier noted, plaintiff, through his counsel at oral argument, has stated that he does not oppose dismissing 41 West 72 LLC from the action so long as he is granted summary judgment against the Hermitage board. Under these circumstances, we see no reason not to grant 41 West 72 LLC summary judgment dismissing the claims under Labor Law §§ 240 (1) and 241 (6) as against it. At the same time, because the record establishes that the Hermitage board is the proper party to be sued as owner of the building's common elements and, as previously discussed, plaintiff has otherwise established his right to judgment on the claim under section 240 (1) as a matter of law, we further modify the order appealed from, upon a search of the record, to grant plaintiff summary judgment as to liability on his claim under section 240 (1) as against the Hermitage board.

While the record does not reflect the extent to which 41 West 72 LLC has retained ownership of units in the building since its conversion to a condominium, we do not believe that 41 West 72 LLC's continued ownership of certain units at the time of the accident would affect its entitlement to dismissal from this action. It is true that each unit owner—including the sponsor of the condominium conversion (here, 41 West 72 LLC) to the extent it retains ownership of unsold units—owns an undivided fractional interest in the real property comprising the condominium's common elements. As previously discussed, however, our precedents make clear that a unit owner's ownership interest in the condominium's common elements does not give rise to liability, whether for common-law negligence or under the Labor Law, because the condominium declaration transfers complete and exclusive control of the common elements to the board of managers. In essence, the unit owners, though they collectively own the common elements, are divested of the powers and responsibilities of ownership with respect to those elements. Those powers and responsibilities

are vested in the board of managers, which becomes the proper defendant on any claim, whether common-law or statutory, that lies against the owner of the common elements.

Indeed, if the sponsor of condominium conversion could be sued on a post-conversion cause of action arising from the common elements based on the sponsor's continued ownership of unsold units, it would follow that each individual unit owner could be sued on exactly the same ground. This is because, as provided in Real Property Law § 339-e (5) (quoted in pertinent part at n 2 above), each unit owner is the fee owner of a fractional undivided interest in the common elements as part of that owner's common interest appurtenant to the individual unit. As explained in the leading treatise on New York condominium law:

> "A condominium property regime involves the division of a real property parcel into 'units' and 'common elements.' The units are then individually sold to separate owners, and such owners also obtain an undivided interest in the common elements of the parcel. Thus, the condominium regime consists of (a) individual fee ownership of 'units,' and (b) common ownership of 'common elements' by unit owners . . . . A condominium regime involves a mingling of two distinct forms of real property interest: individual ownership and undivided joint ownership. The distinction with traditional joint ownership structures is that the entire parcel is not owned in common. Rather, only the 'common elements' are owned in common with other unit owners" (Vincent Di Lorenzo, New York Condominium and Cooperative Law § 1:1 at 2-3 [2d ed 1995]; *see also id.* at 4 ["The unit owners obtain an undivided interest, or 'common interest', in the common elements"]).

Nor would a result different than the one we reach here be proper in the event that the sponsor, at the time the claim arose, continued to own a sufficient number of units to enable it to control the condominium's board of managers. If the sponsor could be sued based on its ability to select a majority of the members of the board of managers, it would follow that, even where that is not the case, a plaintiff could sue all of the individual unit owners on the ground that the owners collectively control the board of managers. We held directly to the

contrary in *Pekelnaya*, in which we rejected an attempt to impose liability on "the individual owners of the 11 units comprising the . . . [c]ondominium" (25 AD3d at 113). Given that there is no contention that the condominium in this case did not have a functioning and adequately capitalized board of managers at the time of plaintiff's accident, we see no warrant for departing from our holding in *Pekelnaya* to allow plaintiff to sue any owner of an individual unit, or units, on a claim arising from an area that was under the exclusive control of the board of managers.[5]

Our dissenting colleague devotes much of her writing to demonstrating a point with which we do not disagree, namely, that each owner of an individual condominium unit is an "owner" of the condominium's common elements. Based on this undisputed premise, the dissent argues that 41 West 72 LLC, the sponsor of this building's condominium conversion, should be subject to personal liability under Labor Law § 240 (1) for an accident that occurred within the building's common elements because 41 West 72 LLC does not deny that, at the time of the accident, it continued to own a number of units in the building.[6] The problem with this reasoning is that, as the dissent admits, it leads to the conclusion that, where an accident occurs within the common elements of a condominium, each and every owner of a unit in the building may be personally sued on a statutory cause of action that lies against "the owner" of real property.[7] We think that such a result would be sharply at odds with the expectations of buyers of condominium units, who are led to believe that risks and liabilities arising from the

---

**5.** In *Zebzda v Hudson St., LLC* (72 AD3d 679 [2d Dept 2010]), a plaintiff who had been injured "in the common area of a building being converted from commercial space into condominiums" (*id.* at 680) was permitted to sue the sponsor because, although the accident occurred after the recording of the declaration of the plan of condominium, it was not clear from the record "the extent to which [the sponsor] maintained control over the building during its conversion from commercial space into a condominium development" (*id.* at 681). *Zebzda* is distinguishable from the instant case in that it cannot be determined from the court's decision whether the subject condominium had a functioning board of managers when the accident occurred.

**6.** The dissent's pressing of this point is difficult to understand, given that, in view of our grant of summary judgment to plaintiff as against the Hermitage board, plaintiff has disclaimed any interest in the theoretical viability of his claim against 41 West 72 LLC.

**7.** We take little comfort in the fact, noted by the dissent, that the unit owners in this condominium, other than 41 West 72 LLC, have not been sued in this action. If we were to adopt the dissent's position that every individual unit owner is a proper defendant on a Labor Law claim arising from a con-

common elements will be handled on their behalf by the board of managers, a body that, as noted by the dissent, is funded entirely by common charges and assessments paid by the unit owners.

Our dissenting colleague's valid point that, even if only the board of managers is sued on a claim, the unit owners will still "bear financial responsibility" for that claim, demonstrates the lack of basis for her concern that our holding "will disincentivize the board of managers from obtaining sufficient liability insurance to protect the unit owners' interests." Surely, unit owners in a condominium can be expected to demand that the board of managers act prudently to protect the board's owner-funded bank accounts from judgment creditors, regardless of whether the owners' respective units, personal bank accounts, insurance policies and other assets can be reached.[8] Finally, as to the dissent's objection that we are "carv[ing] out a common-law exception that does not exist in the statutory scheme," as previously discussed, existing case law already establishes that an individual unit owner is not a proper defendant on a claim arising from the common elements of a condominium. The dissent offers no compelling reason for departing from these precedents, the holdings of which we believe to be consistent with the understanding and expectations of those who buy condominium units in New York. We therefore adhere to these precedents and hold that 41 West 72 LLC's ownership of certain individual condominium units in the building at the time of the subject accident in the common elements does not render 41 West 72 LLC a proper defendant in this action.

Finally, we have considered defendants' remaining contentions and find them unavailing.

Accordingly, the order of the Supreme Court, New York County (Paul Wooten, J.), entered April 16, 2014, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on the issue of liability under

---

dominium's common elements, the plaintiffs' bar could be expected to begin naming individual unit owners as defendants in such suits.

**8.** If the dissent is correct in suggesting that the inability to sue individual unit owners directly on a claim arising from the common elements creates a risk that the board of managers will not purchase adequate liability insurance, the same risk arises whether a claim is based on a statute imposing liability on "the owner" or on common-law negligence. The dissent, however, appears to concede that individual unit owners could not be sued upon a common-law negligence claim arising from the operation or condition of the common elements.

Labor Law § 240 (1) as against defendant Bar Construction Corp., and denied defendants' motion for summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) claims as against defendant 41 West 72 LLC and the Labor Law §§ 200, 240 (1) and 241 (6) claims as against Property Markets, should be modified, on the law, to grant defendants' motion for summary judgment as to the aforesaid claims against defendants 41 West 72 LLC and Property Markets, and, upon a search of the record, to grant plaintiff summary judgment as to liability on his Labor Law § 240 (1) claim as against defendant the Hermitage board, and otherwise affirmed, without costs.

GISCHE, J. (dissenting in part). I write in partial dissent because I disagree with the majority's grant of summary judgment to 41 West 72 LLC, dismissing the claims against it.

Plaintiff's claims are grounded in the Labor Law, for an accident occurring in the boiler room of a building owned as a condominium. It is undisputed that the boiler room is a common element of the condominium. Labor Law § 240 (1) sets out a nondelegable duty on contractors, owners of real property and their agents to furnish ladders and other safety devices to employees so they may safely perform their work. Labor Law § 241 (6) also imposes a nondelegable duty requiring that all contractors and owners and their agents comply with certain safety requirements in connection with construction, excavation and demolition work. 41 West 72 LLC, the sponsor of the condominium, is one of several named defendants in this action. It is alleged to be the owner of the real property in which plaintiff's underlying accident occurred.

41 West 72 LLC does not deny that the deed to the real property, a residential building located at 41 West 72nd Street, is titled in its name. Certainly, it is a bedrock principle of law that ownership of real property is proven by title conveyed pursuant to a valid deed (*see e.g.* 4 Warren's Weed, New York Real Property ch 37 [Deeds] [5th ed 2004]; *Jackson v Schoonmaker*, 2 Johns 230 [1807]; *see also Wood v Chapin*, 13 NY 509 [1856]). Under the Labor Law, title ordinarily suffices as a basis for statutory liability (*see Guryev v Tomchinsky*, 20 NY3d 194 [2012]).

41 West 72 LLC nonetheless claims, however, that it is not an "owner" on the sole argument that the deed was "superceded" by the filing of a Declaration Establishing a Plan for Condominium Ownership dated August 9, 2001 (Declaration). This argument is legally incorrect because, although a declara-

tion of condominium must be filed in accordance with the Condominium Act (Real Property Law art 9-B), such filing does not constitute a conveyance of real property and does not in any way "supercede" a deed. A declaration does not convey ownership of the common elements to a condominium board of managers; it only subjects the property to the jurisdiction of the Condominium Act (Real Property Law § 339-d *et seq.*). Consistent with the Condominium Act, the Declaration in this case expressly provides that title to the property remains with 41 West 72 LLC both before and after the filing of the Declaration. Declaration article 3 states that 41 West 72 LLC is the owner in fee of the real property. Significantly, article 6.3 expressly provides that upon the filing of the Declaration, 41 West 72 LLC shall continue to be the fee owner of the property. It states that as of the filing of the Declaration "fee simple absolute title shall automatically vest in Declarant [41 West 72 LLC] in all Units, individually and collectively." Consequently, 41 West 72 LLC, as movant, simply failed to satisfy its prima facie burden of establishing that it is not an owner and its motion for summary judgment was correctly denied (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).[1]

A fundamental principle of condominium ownership is that the units and an undivided interest in the common elements are real property, that is individually owned (Real Property Law § 339-g ["Each unit, together with its common interest, shall for all purposes constitute real property"]). At its inception, the sponsor holds title to the entire fee, which is then deeded out in parcels, directly from the sponsor to the individual unit owners. The deeds issued are not only for the individual units purchased, but also represent the common ownership interest appurtenant to each unit (Real Property Law §§ 339-g, 339-i, 339-o). Consequently, each unit owner holds a real property interest in its unit along with an undivided interest in the common elements of the condominium

---

1. The majority takes this conclusion to task because it relies on the January 2001 deed as seemingly "conclusive." The January 2001 deed, however, is the only deed in the record before the Court. Although the majority speculates that a title search would include later deeds issued to individual unit owners, this Court's decision on appeal can only be based upon the record as developed by the parties. Significantly, 41 West 72 LLC could have, but did not, put before the Court the results of a title search. Having failed to put any ownership document other than the January 2001 deed before the Court, the majority has no basis for criticizing this dissent's reliance on the only ownership document before it.

(*Caprer v Nussbaum*, 36 AD3d 176, 183 [2d Dept 2006]; *see also Frisch v Bellmarc Mgt.*, 190 AD2d 383, 387 [1st Dept 1993]). Unless and until a sponsor sells 100% of the units, it continues to hold the unsold units and the appurtenant interest in the common elements as well.

The unit owners in a condominium, including a sponsor who continues to hold title to any unsold units, have a mutual interest in the common profits and expenses of the condominium, which are distributed among and charged to each owner, according to their relative common interests (Real Property Law § 339-m; *Caprer v Nussbaum*). In order to ensure the orderly administration of the collective ownership of the common elements, the Condominium Act has governance requirements that must legally be adhered to by every condominium. By law, every condominium must have a board of managers (Real Property Law § 339-v). A board of managers, however, does not take title to individual units.[2] No separate deed for just the common elements is issued and the condominium board of managers is never a titled owner of those common elements. In fact, the Condominium Act expressly prohibits separating common elements from the unit to which it appertains (Real Property Law § 339-i [2]).

The board of managers does have responsibility to manage the common elements. But that responsibility is not the same as titled ownership. The relationship of the board of managers to the condominium is that it serves as a fiduciary, answerable to the unit owners (*Board of Mgrs. of Fairways at N. Hills Condominium v Fairway at N. Hills*, 193 AD2d 322 [2d Dept 1993]). Given this relationship, established by the Condominium Act itself, some of the concerns raised by the majority (albeit not argued by the parties) are easily addressed.

The condominium board of managers, which exercised control over the common elements where the accident occurred, is a party that can be separately sued under the Labor Law. The Labor Law clearly provides that agents of the owner, as well as the owners themselves, are proper defendants (*Walls v Turner Constr. Co.*, 4 NY3d 861, 864 [2005]). There is nothing in the Labor Law or in case law that restricts a plaintiff to suing only one defendant. Although a plaintiff may sue the agent of the

---

2.  An exception only occurs when the board of managers may exercise its right of first refusal, in which case it can become a deed owner of a particular unit and the appurtenant common elements. In such circumstances, however, the board then acts as a unit owner and not the condominium manager.

owner, this does not prohibit a lawsuit against the owner as well (*see e.g. Miranda v NYC Partnership Hous. Dev. Fund Co., Inc.*, 122 AD3d 445, 446 [1st Dept 2014] [plaintiff granted summary judgment against owners and other defendants because they did not provide him with adequate safety device]; *Markey v C.F.M.M. Owners Corp.*, 51 AD3d 734, 737 [2d Dept 2008] [both owner and general contractor were liable for any Labor Law violation because contractor fulfilled the role of "owner" by contracting to have work performed]; *Draiss v Salk Constr. Corp.*, 201 AD2d 698, 699 [2d Dept 1994] [general contractor and titled owner both held liable for the plaintiff's injuries because neither defendant provided safety equipment]).

To the extent that the majority expresses concern over the potential for individual unit owner liability, two important points need to be made. The easiest point is that in this case the concern is nonexistent because the individual unit owners were not sued. To the extent the majority is generally concerned that in future cases the unit owners may have to bear financial responsibility for accidents occurring in the common elements, I only point out that unit owners will bear financial responsibility whether sued directly or through their fiduciary, the board of managers. A condominium board of managers has no independent economic viability. It does not own the real property or the common elements it manages. It does not exist as a separate economic entity that operates to financially profit itself. Financially, it is solely reliant on common charges and assessments paid by the individual unit owners in order to meet any of its financial obligations. The majority seeks to carve out a common-law exception that does not exist in the statutory scheme.[3]

Finally, I disagree with the majority's reliance on *Pekelnaya v Allyn* (25 AD3d 111 [1st Dept 2005]) for the broad proposi-

---

**3.** The majority has not fully considered the possible ramifications of this carve out, specifically whether it will disincentivize the board of managers from obtaining sufficient liability insurance to protect the unit owners' interests. For instance, owners of other kinds of real property usually obtain insurance to protect their interests and investments. The Condominium Act even contemplates that the board of managers will obtain insurance for the protection and benefit of the individual owners in certain circumstances (Real Property Law §§ 339-bb, 339-cc). Applying the principles of the majority's decision, the real owners in interest would have no potential liability and the board of managers has very little by way of assets that would need to be protected, warranting different insurance needs. While the majority concludes that the board of managers will obtain insurance, it does not consider the concern that the amount of insurance needed is a function of risk and that the majority's decision results in risk limitations for con-

tion that only the board of managers may be sued for injuries occurring on the common elements of a condominium. *Pekelnaya* involved an issue of ordinary negligence. As this Court specifically held in that case, "In the absence of any statutory basis for recovery, control rather than the unit owners' common interest is the operative criterion upon which liability is predicated" (*id.* at 113). At bar, however, the Labor Law provides a statutory basis for strict liability against the owner and possibly others.[4] There is no basis to disregard our jurisprudence on who is an owner in this case just because the party sued is the sponsor.

ANDRIAS, SAXE and KAPNICK, JJ., concur with FRIEDMAN, J.P.; GISCHE, J., dissents in a separate opinion.

Order, Supreme Court, New York County, entered April 16, 2014, modified, on the law, to grant defendants' motion for summary judgment as to the aforesaid claims against defendants 41 West 72 LLC and Property Markets, and, upon a search of the record, to grant plaintiff summary judgment as to liability on his Labor Law § 240 (1) claim as against defendant the Hermitage board, and otherwise affirmed, without costs.

---

dominiums. Certainly, these potential ramifications were not presented, let alone fleshed out, by the parties themselves either in their briefs or the underlying motion, which was very narrow in scope.

4. Although in *Araujo v Mercer Sq. Owners Corp.* (95 AD3d 624 [1st Dept 2012]) and *Fayolle v East W. Manhattan Portfolio L.P.* (108 AD3d 476 [1st Dept 2013], *appeal dismissed* 22 NY3d 979 [2013], *lv dismissed in part, denied in part* 24 NY3d 1079 [2014]), this Court held that a condominium unit owner is not an owner under New York City's sidewalk Law (Administrative Code of City of NY § 7-210), no analysis is offered for this conclusion.