Department of Envtl. Protection of the City of N.Y. v Board of Mgrs. of the Cassa NY Condominium (2024 NY Slip Op 50490(U))

[*1]

Department of Envtl. Protection of the City of N.Y. v Board of Mgrs. of the Cassa NY Condominium

2024 NY Slip Op 50490(U)

Decided on April 26, 2024

Supreme Court, New York County

Lebovits, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 26, 2024
Supreme Court, New York County

Department of Environmental Protection of the City of New York and THE NEW YORK CITY WATER BOARD, Plaintiffs,

against
Board of Managers of the Cassa NY Condominium, WATERSCAPE RESORT II, LLC, CASSA PROPERTIES LLC, PING XIE, XI LIN, ENIGME CAPITAL C.V. LLC, 29C CORP., Z.H. TANG LLC, DEPTH CAPITAL LLC, NY 45, LLC, O A MANHATTAN LLC, LI PAN, YAN XU, CASSA 45 LLC, CASSA 46 LLC, and CASSA 28 LLC, Defendants.

Index No. 450665/2023

Wilson, Elser, Moskowitz, Edelman & Dicker LLP, White Plains, NY (William J. Cortellessa of counsel), Special Assistant Corporation Counsel for the City of New York and attorney for plaintiffs.
Law Office of Robert M. Kaplan, White Plains, NY (Robert M. Kaplan of counsel), attorney for defendants Cassa Properties LLC, Enigme Capital C.V. LLC, Cassa 45 LLC, Cassa 46 LLC, and Cassa 28 LLC.

Gerald Lebovits, J.

This is an action on an unpaid water bill, brought by plaintiffs, the Department of Environmental Protection of the City of New York (DEP) and the New York City Water Board, [*2]against the board of managers and unit owners of a condominium building located in midtown Manhattan.
Plaintiffs allege that they provide water and wastewater services to these defendants, collectively, "for the real property located at 66-70 W. 45th Street New York, NY 10036." (NYSCEF No. 1 at ¶ 25.) They allege that defendants, collectively, "incurred Water, Sewage and late payment charges for certain Water and Sewage services performed by the Plaintiffs." (Id. at ¶ 29.) And they further allege that under Public Authorities Law (PAL) § 1045-j (5) defendants have "a statutory public obligation to pay [p]laintiffs . . . for [w]ater and [s]ewage services based upon [d]efendants' ownership interest in the aforementioned real property." (Id.)
To support these allegations, plaintiffs attach as an exhibit a copy of a 2023 invoice for the preceding 90 days, reflecting a total amount due of $470,323.54. (See NYSCEF No. 2 at 1.) This invoice lists a single property owner, condominium-sponsor Waterscape Resort LLC,[FN1]
and a single account number. (See id. at 1.) The invoice reflects new charges for usage of approximately 3.7 million gallons of water over the invoice's 90-day period. (See id. at 2.)
Plaintiffs have sued defendants for breach of contract and unjust enrichment for allegedly failing to pay their water/wastewater bills. (See NYSCEF No. 1 at 8-9.) Plaintiffs are seeking judgment against defendants, jointly and severally, for that $470,323.54 in accrued unpaid charges, plus any charges that accrue and go unpaid after the filing of the complaint. (See id. at 9; see also NYSCEF No. 33 at ¶ 4 [affirmation in opposition to dismissal, stating expressly that plaintiffs are seeking to hold defendants jointly and severally liable].)
On motion sequence 001, unit-owner defendants Cassa Properties LLC, Enigme Capital C.V. LLC, Cassa 45 LLC, Cassa 46 LLC, and Cassa 28 LLC move to dismiss plaintiffs' claims against them under CPLR 3211 (a) (5) and (7). In motion sequence 002, plaintiffs move for a default judgment under CPLR 3215 against defendants Ping Xie, Xi Lin, Enigme Capital C.V., 29C Corp., Z.H. Tang LLC, NY 45, LLC, and O A Manhattan LLC.[FN2]

The unit-owners' motion to dismiss raises issues about the liability of individual unit owners for condominium water bills for which no appellate authority exists. Considering these issues for itself, this court concludes that the motion should be granted. For that same reason, plaintiffs' default-judgment motion is denied.
DISCUSSION
I. The Unit-Owners' Motion to Dismiss (Mot Seq 001)
Plaintiffs are seeking judgment against all defendants, jointly and severally, for "their [*3]combined failure to pay charges owed under a single water and sewage account totaling $470,323.54 as of January 30, 2023." (NYSCEF No. 33 at ¶ 4.) This amount is based on charges for metered water usage. (See NYSCEF No. 2 at 2; see also NYSCEF No. 40 at 66 § 6.4.3 [provision of condominium bylaws, submitted by plaintiffs, reflecting that water/wastewater charges are based on metered usage].) In other words, plaintiffs' theory of recovery here against the individual unit owners is that they may be held legally responsible in contract for the entire building's aggregate water bill based on a building-wide water meter, should that bill go unpaid—regardless of the amount of water that the unit owners in fact used during the period at issue.
The parties do not provide, and this court has not found, any appellate decisions on this question. Absent authority on point, this court concludes that plaintiffs have not stated a cause of action in contract against the moving defendants.
Plaintiffs rely on Public Authority Law § 1045-j (5), which provides that unpaid water rents "shall constitute a lien upon the premises served and a charge against the owners thereof," which in turn may form the basis for a civil action to recover the unpaid amounts. Here, implicitly, plaintiffs view the premises served as the entire condominium building, given the use of a building-wide water meter. But the individual unit owners do not own the entire building—only their individual units and a proportionate share of the building's common elements. (See Jerdonek v 41 W. 72 LLC, 143 AD3d 43, 50 [1st Dept 2016] [describing the nature of condominium property ownership].) The reference in § 1045-j (5) to "the owners thereof" does not support plaintiffs' attempt to hold the unit-owner defendants responsible, in significant part, for water charges assessed on portions of the building they do not own.[FN3]

More fundamentally, plaintiffs have not shown that the Legislature intended this language in § 1045-j (5) to create or require a joint-and-several liability regime with respect to building-wide condominium water bills. Given the ownership-related complexities inherent in the condominium model, one would expect § 1045-j—enacted 20 years after New York's Condominium Act—to address condominiums expressly if that were the Legislature's intent. But the statute does not.
Additionally, in the tort context, the Appellate Division, First Department, has repeatedly held "that a statute imposing obligations or liabilities upon the 'owner' of real property does not give rise to a claim against the owners of individual condominium units where the claim arises from the common elements or concerns a duty not connected with any individual unit." (Jerdonek, 143 AD3d at 48 [collecting cases].) This action admittedly sounds in contract rather than tort. But the principle still carries over that, absent contrary statutory provision, it would be inappropriate to hold individual unit owners responsible for a building-wide obligation that is more properly the domain of the condominium's board of managers.
Indeed, plaintiffs argue, in opposing the motion to dismiss, that the condominium by-laws here established a system in which defendants' water bills would be paid to plaintiffs "through defendant board of managers," and that it was the board that "failed to pay the water and sewage charges at issue under the single master account." (NYSCEF No. 33 at ¶¶ 25-26 [block capitalization omitted].) Plaintiffs do not explain why they should be permitted to hold [*4]condominium unit owners jointly and severally liable for what plaintiffs themselves represent to be a failure by the condominium board. And the First Department has repeatedly rejected that theory of liability in the tort context.[FN4]
(See Jerdonek, 143 AD3d at 50; accord Pekelnaya v Allyn, 25 AD3d 111, 118-121 [1st Dept 2005].) In so doing, moreover, the Court squarely rejected the theory (to which plaintiff gestures in its opposition papers, see NYSCEF No. 33 at ¶ 26), that condominium unit owners exercise sufficient control over board decisionmaking to be responsible on a principal-agent basis for a board's wrongful acts or omissions. (See Pekelnaya, 25 AD3d at 119-121.)
In contending otherwise, plaintiffs emphasize that under the Condominium Act, a condominium's common elements "shall remain undivided," with "no right . . . to partition or divide any" of those elements. (NYSCEF No. 41 at 8, quoting Real Property Law (RPL) § 339-i [2].) Plaintiffs' reliance on § 339-i is unpersuasive.
As an initial matter, this court is skeptical of plaintiff's assertion that this provision affects a court's authority to assess and determine liability in contract—as opposed to the right of condominium boards and unit owners to make changes affecting the use of the condominium's space and amenities. In any event, the terms of RPL § 339-e (3), defining condominium "common elements," make clear that these elements consist of physical areas and infrastructure—not intangible legal responsibility for water charges.
Plaintiffs also rely on Public Authorities Law § 1045-j (8), which provides that state statutes governing the collection of unpaid municipal taxes also apply to collection of unpaid water charges. (See NYSCEF No. 41 at 9-10.) Plaintiffs contend that because "equity alone" does not "permit a delinquent taxpayer the right to an apportionment, subdivision, or removal of any tax lien," defendants should not be able to apportion or subdivide the unpaid water charges at issue either. (Id. at 10.) That contention, though, begs the question at hand—whether the charges may properly be assessed against the individual unit owners in the first place.[FN5]

Finally, plaintiffs argue that they may recover against individual unit owners under New York City Administrative Code §§ 11-312, 11-313, and 11-315. Those provisions make owners or occupants of premises responsible for charges for the water and wastewater; and they permit the City to bring an action to recover unpaid charges "against the person for whose benefit or by [*5]whom the water [and wastewater] is taken or used." As with Public Authority Law § 1045-j (5), these statutes do not say that a condominium unit owner may (or must) be held jointly and severally for the entire building's water/wastewater use. Nor do plaintiffs explain how joint and several liability would be consistent with their right under § 11-315 to recover charges only from the person who used or benefitted from water/wastewater service.
In short, plaintiffs have not alleged facts showing that they have have a cause of action against the unit owners of the Cassa NY Condominium to hold them jointly and severally liable for the metered charges assessed against the entire building—in addition to the claim for those charges that plaintiffs are already asserting in this action against the condominium's board of managers. The motion by several unit owners to dismiss the claims against them under CPLR 3211 (a) (7) is granted.
Given the court's conclusion on this point, the court does not reach defendants' arguments that plaintiffs' claims against them are time-barred and that DEP is not a proper party plaintiff.
II. Plaintiffs' Default-Judgment Motion (Mot Seq 002)
Plaintiffs move under CPLR 3215 for default judgment against defendants Ping Xie, Xi Lin, Enigme Capital C.V. LLC, 29C Corp., Z.H. Tang LLC, NY 45, LLC, and O A Manhattan LLC. (NYSCEF No. 53 at 5.)
A plaintiff moving for default judgment must, among other things, must set forth in an affidavit the facts establishing plaintiff's claim. (See CPLR 3215 [f].) If, however, these facts fail to state a prima facie cause of action, the default-judgment motion must be denied. (See Dyno v Rose, 260 AD2d 694, 698 [3d Dept 1999].) Given this court's determination that plaintiffs do not have a cause of action against the individual unit owners, plaintiffs are not entitled to default judgment against the non-appearing defendants, either. The default-judgment motion is denied.
Accordingly, it is
ORDERED that the motion of defendants Cassa Properties LLC, Enigme Capital C.V. LLC, Cassa 45 LLC, Cassa 46 LLC, and Cassa 28 LLC (Moving Defendants) to dismiss plaintiffs' claims against them is granted; and it is further
ORDERED that the balance of the claims in this action are severed and shall continue; and it is further
ORDERED that plaintiffs' motion for default judgement against Ping Xie, Xi Lin, Enigme Capital C.V. LLC, 29C Corp., Z.H. Tang LLC, NY 45, LLC, and O A Manhattan LLC is denied; and it is further
ORDERED that Moving Defendants shall serve a copy of this order with notice of its entry on all parties; and on the office of the County Clerk (by the means set forth in the court's e-filing protocol, available on the e-filing page of the court's website, https://ww2.nycourts.gov/ courts/1jd/supctmanh/E-Filing.shtml), which shall enter judgment accordingly.
DATE 4/26/2024

Footnotes

Footnote 1:In opposing the motion to dismiss, plaintiffs attached the recorded copy of the 2010 condominium declaration, reflecting that Waterscape Resort, LLC, is the condominium sponsor. (See NYSCEF No. 40.) Waterscape Resort, LLC, later sold several of the condominium units to defendant Waterscape Resort II, LLC. (See NYSCEF No. 39 at 225-237.)

Footnote 2:The condominium board (defendant Board of Managers of the Cassa NY Condominium) and the other unit-owner defendants (Waterscape Resort II, LLC, Depth Capital LLC, Li Pan, and Yan Xu) have each answered and cross-claimed. Unit-owner defendant 29C Corp, in addition to opposing plaintiffs' default-judgment motion, has separately moved to dismiss the claims against it. That motion (mot seq 003) is returnable in June 2024.

Footnote 3:For that matter, plaintiffs have not alleged or documented that water use by any particular unit-owner defendant contributed to the total unpaid amount that plaintiffs seek to recover.

Footnote 4:Decisions like Jerdonek and Pekelnaya acknowledge that the result might be different if the condominium lacked "a functioning and adequately capitalized board of managers" at the relevant time from which an injured party could obtain redress. (Jerdonek, 143 AD3d at 51; see Pekelnaya, 25 AD3d at 121-122 [concluding that the result might differ if the condo board in question failed to carry more than inconsequential third-party insurance].) But plaintiff here has named the condominium board as a defendant and has not suggested that the board would, in practice, be judgment-proof, such that plaintiffs' only true recourse is against the individual unit owners.

Footnote 5:Notably, the Condominium Act provides that condominium units ordinarily are deemed to be separate parcels that must be assessed and taxed separately. (See RPL § 339-y [1] [1].) This is intended to preclude an individual unit owner from being held "responsib[le] for for taxes due by owners of other units within their buildings. (D.S. Alamo Associates v Commissioner of Finance, 71 NY2d 340, 347 [1988].)