Richard v 1550 Realty LLC (2024 NY Slip Op 03236)

Richard v 1550 Realty LLC

2024 NY Slip Op 03236

Decided on June 13, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 13, 2024

Before: Oing, J.P., Friedman, Scarpulla, Shulman, Higgitt, JJ. 

Index No. 24635/20 Appeal No. 2490 Case No. 2024-00541 

[*1]Jean P. Richard, Plaintiff-Appellant,
v
1550 Realty LLC, et al., Defendants-Respondents.

Harris Keenan & Goldfarb PLLC, New York (Jason Steinberg of counsel), for appellant.
Gallo Vitucci Klar LLP, New York (MÓnica Bonilla Romero of counsel), for 1550 Realty LLC and Essen Medical Associates, PC., respondents.
Kerley, Walsh, Matera & Cinquemani, P.C., Seaford (Lauren B. Bristol of counsel), for Washington Bridge View Condominium, WBV Apartment Corp. and All Area Realty Services Inc., respondents.

Order, Supreme Court, Bronx County (Veronica G. Hummel, J.), entered October 16, 2023, which denied plaintiff's motion for partial summary judgment on the issue of liability against defendants, unanimously modified, on the law, to grant plaintiff's motion for partial summary judgment as to liability as against defendant Washington Bridge View Condominium (the Condo), and otherwise affirmed, without costs.
Plaintiff demonstrated prima facie, through his deposition testimony, photographs and other evidence, that his accident was caused by a hazardous defect in the sidewalk, i.e. a raised sidewalk flag (see Tropper v Henry St. Settlement, 190 AD3d 623, 624 [1st Dept 2021]; see also Administrative Code of City of NY § 19-152 [a] [4]). Although the photographs were taken over a year prior to plaintiff's accident and in connection with a different accident at the same location, plaintiff's testimony that they "fairly and accurately" depicted the condition of the sidewalk at the time of his accident rendered the photographs "probative on the issue of whether the defect was dangerous" (Keech v 30 E. 85th St. Co., 173 AD3d 645, 646 [1st Dept 2019]).
The record also demonstrates that the Condo had actual and constructive notice of the sidewalk defect and that the defect existed, unremedied, for a significant period of time prior to plaintiff's accident.
Plaintiff failed to establish that the other defendants were owners subject to the requirements of the Administrative Code liable for maintenance of the subject sidewalk (see Fayolle v East W. Manhattan Portfolio L.P., 108 AD3d 476, 476 [1st Dept 2013], appeal dismissed 22 NY3d 979 [2013], lv dismissed in part, denied in part 24 NY3d 1079 [2014]; Araujo v Mercer Square Owners Corp., 95 AD3d 624, 624 [1st Dept 2012]).
In opposition to plaintiff's prima facie showing, the Condo failed to raise a triable issue of fact, through the submission of admissible evidence, as to whether the defect was non-actionable (see Tropper, 190 AD3d at 624-625; see also Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 13, 2024