Loaiza v Museum of Arts & Design (2024 NY Slip Op 03334)

Loaiza v Museum of Arts & Design

2024 NY Slip Op 03334

Decided on June 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 18, 2024

Before: Manzanet-Daniels, J.P., Kennedy, Scarpulla, Shulman, Higgitt, JJ. 

Index No. 158996/18 Appeal No. 2512 Case No. 2023-04495 

[*1]Edison Loaiza, Appellant,
v
Museum of Arts and Design et al., Respondents. (And a Third-Party Action.)

Hogan & Cassell, LLP, Jericho (Michael Cassell of counsel), for appellant.
Mauro Lilling Naparty LLP, Woodbury (Kathryn M. Beer of counsel), for respondents.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered August 29, 2023, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on the Labor Law § 240 (1) claim, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff made a prima facie showing that his accident, in which he fell to the ground while performing commercial window washing on the exterior of a building, was proximately caused by a failure to provide him with safety devices offering adequate protection from falling (DeJesus v 888 Seventh Ave. LLC, 114 AD3d 587, 588 [1st Dept 2014] [granting the plaintiff's motion for partial summary judgment on his section 240(1) claim, "given the evidence that the lanyard and harness. . .proved inadequate to shield him from falling"]).
On this record, it is undisputed that plaintiff assembled the available safety equipment and used it throughout his performance of the work; among other things, he wore a harness and remained attached to two ropes after tying off the ropes to anchor points. As an additional safety measure, plaintiff indisputably made sure his "lifeline," a/k/a "safety line reached the ground." To support their claim that plaintiff's conduct was the sole proximate cause of his accident, defendants rely on plaintiff's admission that he forgot to tie a figure 8 knot at the end of the safety line (together with a rope grab, a deceleration device) which is done as part of a fall arrest system to prevent a worker from hitting the ground. Despite plaintiff having failed to perform this safety measure, this omission was at most comparative negligence, which is not a defense to a Labor Law § 240 (1) violation (see Pirozzo v Laight St. Fee Owner LLC, 209 AD3d 596, 597 [1st Dept 2022]). Moreover, defendants' recalcitrant worker defense is also unavailing as they fail to offer any evidence that plaintiff intentionally disregarded this specific safety instruction (see Jerdonek v 41 W. 72 LLC, 143 AD3d 43, 46 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2024