German v 333 Rector Garage, LLC (2024 NY Slip Op 06152)

German v 333 Rector Garage, LLC

2024 NY Slip Op 06152

Decided on December 10, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 10, 2024

Before: Renwick, P.J., Friedman, Shulman, Pitt-Burke, Rosado, JJ. 

Ind No. 157393/19 Index No. 157393/19 Appeal No. 3226 Case No. 2023-03457 

[*1]Jesus German, Plaintiff-Respondent,
v
333 Rector Garage, LLC, Defendant-Respondent, Board of Managers of 1 Rector Park Condominium, Defendant-Appellant, Milford Management Corp. Defendant.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellant.
Jason Levine, New York, for Jesus German respondent.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered on or about December 12, 2022, which, to the extent appealed from as limited by the briefs, denied defendant Board of Managers of 1 Rector Park Condominium's (Board of Managers) motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Plaintiff claims that, while working in the commercial parking garage unit of defendant's building, he slipped and fell on water which allegedly leaked from ceiling drainpipes. Defendant Board of Managers of 1 Rector Park Condominium failed to establish its prima facie entitlement to summary judgment. Defendant did not demonstrate that it had no duty to maintain the accident site in accordance with the condominium's declaration and by-laws, which provide that defendant is responsible for "general common elements," including pipes and plumbing in the building that service the entire building (see also Jerdonek v 41 W. 72 LLC, 143 AD3d 43, 48 [1st Dept 2016]). Defendant never specified which of the ceiling drain pipes in the basement garage did not service the entire building so as not to constitute "general common elements," and thus failed to establish it had no duty to maintain the alleged pipes that caused the accident (see Onetti v Gatsby Condo., 111 AD3d 496, 497 [1st Dept 2013]). Defendant relied on the affidavit of its expert and the resident manager's testimony to assert that there were no drainpipes above the accident site. This evidence, however, did not eliminate triable issues of fact.
Defendant also failed to demonstrate that it did not create the alleged dangerous condition or have constructive notice of its existence. On appeal, defendant only addresses the issue of whether it created the alleged dangerous condition. Moreover, because defendant failed to demonstrate the absence of general common element drainpipes at the accident site, defendant failed to show that such alleged drainpipes did not create the dangerous condition.
Finally, because defendant failed to meet its summary judgment burden, of eliminating material issues of fact for trial, the burden never shifted to plaintiff to submit evidentiary facts or material raising a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Even were we to find that defendant met its burden on the
motion, we would find that plaintiff raised triable issues of fact requiring a trial of this negligence cause of action.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2024